(No. 13292.—Reversed and remanded.)

ELLA A. MOORE, Admx. Defendant in Error, vs. THE
BLOOMINGTON, DECATUR AND CHAMPAIGN RAILROAD
COMPANY, Plaintiff in Error.

*Opinion filed October 23, 1920—Rehearing denied Dec. 9, 1920.*

1. NEGLIGENCE—*when defendant cannot complain of evidence
of habits of due care by deceased.* In an action by an administra-
trix whose intestate was killed by a car at an interurban crossing,
it is not error to admit, in chief, evidence as to the habits of care
on the part of the deceased, where the plaintiff offers no testimony
of eye-witnesses; and if the court strikes out such evidence when
eye-witnesses are produced by the defendant, who offers the tes-
timony of some of them, the defendant cannot complain that the
effect of admitting the evidence of habits was prejudicial.

2. SAME—*when evidence of other accidents is admissible.* Evi-
dence of other accidents is admissible in an action for negligence
where it tends to show the common cause of the accidents to be a
dangerous thing or condition of which the defendant had knowl-
edge and that the thing shown to be the common cause contributed
to the danger of the accident in suit and was in the same condi-
tion as in the other accidents.

3. SAME—*when evidence of other accidents at railroad crossing
is not admissible.* In an action for wrongful death, where plain-
tiff's intestate was killed when his automobile was struck by an
interurban car, evidence of other accidents at the same crossing
is not admissible where it is shown that in the other accidents the
automobiles were approaching the crossing from the opposite di-
rection and that the view of the railroad was not obstructed by
the same objects which it is claimed made the crossing dangerous
to the plaintiff's intestate.

WRIT OF ERROR to the Appellate Court for the Third
District;—heard in that court on appeal from the Circuit
Court of Macon county; the Hon. WILLIAM K. WHIT-
FIELD, Judge, presiding.

CHARLES C. LEFORGEE, GEORGE W. BLACK, and THOMAS
W. SAMUELS, for plaintiff in error.

JESSE L. DECK, and CHARLES F. EVANS, for defendant
in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Alexander Moore was killed by an interurban electric passenger car owned and operated by plaintiff in error, at a public crossing known as Swartz's crossing, in Macon county, outside the limits of the city of Decatur. Defendant in error, as administratrix of Moore's estate, brought this suit to recover damages for his death. Her declaration charged general negligence; negligence in the construction of an embankment on the right of way of the plaintiff in error in such a way as to obstruct the view of persons driving upon the highway as they approached the crossing from the north, of cars of the defendant approaching from the east; negligence in the maintenance of said embankment, and in allowing weeds to grow and remain on the same so as to obstruct the view of persons traveling in vehicles over the highway. The jury returned a verdict in favor of the defendant in error in the sum of $5000 and judgment was entered thereon, which judgment has been affirmed by the Appellate Court, and the cause is brought here by writ of *certiorari.*

The decedent was killed by a collision between the automobile in which he was riding and one of plaintiff in error's cars. The deceased was the only occupant of the automobile. The record contains testimony of various witnesses, also photographs showing the condition of plaintiff in error's right of way at the crossing. Some witnesses testified that the embankment was six or eight feet in height and that the weeds growing thereon were three or four feet in height. It is not contended by plaintiff in error that there is no evidence of negligence on its part in maintaining its embankment in this condition. Counsel, however, moved to instruct the jury to find the defendant not guilty, for the reason, as they contend, that the record contains no evidence of the exercise of due care on the part of the deceased. Defendant in error in her case in chief offered no

testimony of eye-witnesses to the accident but offered proof of habits of care and caution on the part of the deceased. Several passengers on the interurban car testified to having seen the accident, when called as witnesses for the defendant. Upon such testimony being given, the court on its own motion struck out of the record all testimony in relation to habits of due care on the part of the deceased, and plaintiff in error contends that since the trial court struck out all of said testimony the record contains no evidence whatever of due care on his part and that the record is barren on that subject. The defendant in error having offered no testimony of eye-witnesses, it was not error on the part of the trial court to admit testimony of habits of care on the part of the deceased. *Newell* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 261 Ill. 505; *Casey* v. *Chicago Railways Co.* 269 id. 386; *Stollery* v. *Cicero Street Railway Co.* 243 id. 290; *Collison* v. *Illinois Central Railroad Co.* 239 id. 532.

Plaintiff in error complains that while the above evidence was stricken it was prejudicial to have had it in the record at all. It, however, is scarcely in a position to complain of such a condition of the record. It presumably knew at the time the evidence of habits of care was being introduced that witnesses might be called who had seen the accident, and it would be in a much better position to complain had it offered the use of such witnesses to defendant in error. The deceased was riding alone. The defendant in error, as his representative, had no opportunity of knowing who, if anyone, was an eye-witness to the accident. The record shows that the servants of the plaintiff in error took the names of different persons on the car, among whom were eye-witnesses to the accident. If it desired to avoid the effect of any prejudice by reason of the stricken testimony having been in the record it should have offered the names of persons who were eye-witnesses, and not having done so it is not in a position to complain of prejudice

against it by such testimony having been in the record. Furthermore, we are of the opinion that there is sufficient evidence in the record, from the testimony of eye-witnesses offered by the plaintiff in error, to warrant the case going to the jury on the issue of due care on the part of the deceased. Nine witnesses testified to having seen the accident or portions of it. The testimony of some of these witnesses is of no value on the question whether or not the deceased was in the exercise of due care. Some of these witnesses, however, gave testimony tending to show due care on the part of the deceased. The witness Staley testified concerning the speed of the automobile. His testimony was that the automobile seemed to slow down as it approached the crossing and that it had almost stopped when struck by the car. Another witness testified that when he first saw the deceased he seemed to be attempting to do something with the handles or levers about the car. If the jury believed the testimony of witnesses to the effect that it was difficult to see the car approaching this crossing from the east until the driver coming from the north was almost upon the track, they might well have believed, if they also believed Staley's testimony, that the deceased was in the exercise of due care in endeavoring to slow down his car before he was struck. The court, therefore, did not err in refusing plaintiff in error's peremptory instruction.

Plaintiff in error also contends that the trial court erred in permitting evidence of other accidents which had occurred at this crossing. The evidence complained of was to the effect that previously a man by the name of Warren had been injured at this crossing as he was driving north on the highway, the car which caused that injury coming from the east, and that previous to that time a young man by the name of Gould and his companion were killed at this crossing by one of plaintiff in error's cars as Gould was driving north on the highway, the car causing the in-

jury in that instance coming from the west. On motion of plaintiff in error the testimony concerning the latter accident was stricken out on the ground that the same was hearsay. Plaintiff in error complains that though stricken out the evidence was nevertheless prejudicial.

The rule in relation to the competency of testimony of other accidents is, that where such testimony tends to show the common cause of the accidents to be a dangerous, unsafe thing or condition the evidence as to such accidents is competent, not for the purpose of showing independent acts of negligence but for the limited purpose of showing that the unsafe thing or condition causing the particular accident was the condition or cause common to such independent accidents, and that the frequency of such accidents tends to show knowledge of such condition. (*City of Chicago* v. *Jarvis,* 226 Ill. 614; *Mobile and Ohio Railroad Co.* v. *Vallowe,* 214 id. 124; *City of Taylorville* v. *Stafford,* 196 id. 288; *City of Bloomington* v. *Legg,* 151 id. 9.) The rule is also clear that to render evidence of similar accidents resulting from the same cause competent, it must appear, or the evidence must reasonably tend to show, that the instrument or agency which caused the danger was in substantially the same condition at the time such other accidents occurred as at the time of the accident complained of. (*City of Bloomington* v. *Legg, supra.*) To make the proof of other independent accidents competent, the condition or thing shown to be the common cause of danger in such accidents must be the condition or thing contributing to the danger of the accident complained of. The various counts of defendant in error's declaration charged, so far as they referred to the conditions surrounding the accident, that the plaintiff in error maintained a high embankment and permitted weeds to grow thereon on the north side of the right of way and east of the highway, so that when driving south on the highway one would be unable to see the cars of the plaintiff in error approaching from the east.

In none of the counts of the declaration is there a charge of negligence in the maintenance of conditions south of the right of way either east or west of the highway, nor is there a general charge that this crossing is a dangerous crossing. It is clear, therefore, that the conditions which caused the danger in the Warren and Gould accidents could have nothing to do with the conditions which caused the danger in the case at bar, as in both of those cases the injured persons were driving north on the highway and would in nowise be affected or endangered by any negligence on the part of plaintiff in error in maintaining an embankment and permitting weeds to grow thereon north of the right of way and east of the highway, nor do such accidents tend to show notice or knowledge on the part of plaintiff in error of the dangerous conditions causing the accident complained of. We are of the opinion, therefore, that the conditions are not of that similarity necessary to satisfy the rule. It was error to admit this testimony under those circumstances. Moreover, such testimony was prejudicial, as the jury might well have considered that the plaintiff in error was maintaining a dangerous crossing at that point in the highway regardless of the direction from which it was approached, though there was no charge of such negligence in the declaration.

Plaintiff in error also complains of certain instructions. We have examined the instructions given and refused by the court and are of the opinion that the jury were fully and fairly instructed in the cause.

For the error indicated the judgment of the Appellate Court will be reversed and the cause remanded to the circuit court.                    *Reversed and remanded.*