Mae Smith, Plaintiff-Appellant, v. City of Rock Island, Defendant-Appellee.

Gen. No. 11,272.

Second District, Second Division.
September 16, 1959.
Rehearing denied October 13, 1959.
Released for publication October 13, 1959.

Eagle & Eagle, of Rock Island, for plaintiff-appellant.

Isador I. Katz and Bernard Gillman, of Rock Island, for defendant-appellee.

PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This action was commenced to recover damages for personal injuries sustained by plaintiff, Mae Smith, in an automobile collision which occurred on the night of January 3, 1957, at the intersection of Ninth Street and Thirty-first Avenue in Rock Island, Illinois. The jury returned a verdict finding the defendant, City of Rock Island, not guilty and judgment was entered thereon, from which judgment plaintiff appeals.

Ninth Street in the City of Rock Island is a north and south street of black construction, 24 feet in width. Thirty-first Avenue is an east and west four lane concrete street, 40 feet in width. On the night in question, Ninth Street was and for some twenty years prior thereto had been a through street on which there was maintained by the defendant, City of Rock Island, a stop sign at the northeast corner of the intersection facing traffic going west on Thirty-first Avenue and entering Ninth Street. About 8:40 o'clock p. m. on the night of January 3, 1957, the plaintiff, Mae Smith, was driving west on Thirty-first Avenue approaching Ninth Street. The night was dark and murky. The pavement was dry, the wind was blowing and the weather was threatening. Plaintiff testified that while proceeding west on Thirty-first Avenue, she was looking ahead and driving approximately twenty-five miles per hour with her headlights on; that she noticed that she was approaching an intersection but that it appeared to her to be a side street and that she did not see the stop sign at the northeast corner of the intersection and had no knowledge that one was there; that when she was four or five car lengths from the intersection she glanced to the left and then to the right, and seeing no vehicles she proceeded into the intersection and when about half way through said intersection her car was struck violently on the left side by a car going north on Ninth Street resulting in her in-

391

juries. Plaintiff contends that the proximate cause of the collision was the negligence of the City of Rock Island in failing to maintain a proper and legal stop sign at said intersection.

Plaintiff contends that the stop sign maintained by the defendant, City of Rock Island, at said intersection did not comply with the legal requirements prescribed in the State Manual and Specifications provided by Sec. 127, Chap. 95½, Ill. Rev. Stat., 1957, in that it was not reflectorized so that it could be seen at night; it had not been cleaned and inspected for fifteen years; its dimensions are 18 x 18 inches whereas it should have been 24 x 24 inches; it was 4 feet 9 inches from the ground whereas it should have been 7 feet from the ground; it was located 4 feet 8 inches north of the north curb on Thirty-first Avenue whereas it should have been located within 1 to 3 feet from said north curb, and it was located 20 feet 10 inches east of the east curb of Ninth Street whereas it should have been 15 feet east. The stop sign was characterized by several witnesses as being black, never very clean, old, in need of paint, weathered out, inconspicuous and out of the range of headlights approaching from the east.

The serious nature of plaintiff's injuries, which included the loss of a leg, was undisputed but the vital issues of defendant's alleged negligence and of plaintiff's due care were seriously contested in the trial court as well as on this appeal. Defendant asserts that it is not liable as it was operating in a governmental function and, therefore, immune from liability. Defendant has filed no cross appeal or taken an appeal from the trial court's adverse ruling on this point and this question is now not before us for decision. Plaintiff contends that the trial court committed reversible error in certain of its rulings on the evidence and in giving instructions on behalf of the defendant.

One of the important elements for the plaintiff to prove was that she was in the exercise of due care and caution for her own safety at and immediately prior to the collision in question. In this respect, plaintiff testified that she was driving at a moderate rate of speed, looking ahead and that she was four or five car lengths from the intersection when she looked to the left and then to the right and seeing no cars approaching she proceeded into the intersection. The plaintiff on cross examination was asked if the following questions were asked and whether she made the following answers at the time her discovery deposition was taken:

"Q. Do you remember this question and answer? Question: Mrs. Smith, at that time isn't it a fact that you stated you were looking straight ahead and you just glanced at the intersection and continued straight on without doing anything about your motor vehicle and the next thing you knew you were in the intersection and saw a car to your left, eight or ten feet? Answer: Yes."

"Q. That is correct is it not, that is what happened? A. Yes."

The plaintiff on redirect examination by her own counsel attempted to testify as to other matters covering the same subject in her deposition and the defendant objected on the ground that the matter was not important and that a deposition could be used only for impeachment. The trial court sustained these objections. The questions which were asked and the answers given by the plaintiff in her deposition sought to be introduced by the plaintiff were as follows:

"Q. Several times, Mrs. Smith, you have been asked whether you looked, you said you glanced; would you tell me what you mean by the word glanced, and what you mean by the word looked?

393

"A. I don't think you have time when you are driving to take a good long look, you glance quickly one way and the other.

"Q. Sort of bat your eyes side to side more or less?

"A. I think more than that. I was a stranger on that street and I was really looking, because I was looking for a road to get back over to go up 18th Avenue."

Plaintiff contends that the trial court committed reversible error in not permitting her to be interrogated about the above statements made in her deposition after she had been cross examined about similar statements made in the deposition. Stated in its simplest terms, the question is: If a witness or party is cross examined about certain statements made in their deposition, can he or she then be asked about other statements made in the same deposition covering the same subject matter on redirect examination? This question has been considered and discussed recently in the cases of Biela v. Messner, 18 Ill.App.2d 236, 151 N.E.2d 406, and Goertz v. Chicago & N. W. Ry. Co., 19 Ill.App.2d 261, 153 N.E.2d 486.

The Biela case, supra, decided by the First Division of this court, was an action for personal injuries sustained by a pedestrian struck by an automobile while walking along the edge of a road at night. Defendant's attorney called the reporter who took plaintiff's deposition and portions of the deposition read by the reporter showed that plaintiff stated that part of the time he walked on the blacktop and part of the time off, and that he did not know whether or not he was on the blacktop or on the gravel just before he was struck. On cross examination of the reporter, plaintiff sought to introduce other portions of the deposition to show that there was only one place about 125 feet north of Ogden Avenue where the water was

covering the pavement. The trial court sustained defendant's objections to this line of cross examination. The Appellate Court held that statements in a deposition which merely corroborated the testimony of the witness or party, could not be introduced and that the trial court properly excluded such statements. At pages 243–244 of the opinion, the court said:

"The purpose of introducing evidence of statements out of court inconsistent with or contradictory to evidence given upon a trial is to discredit the witness, and such inconsistent or contradictory statements are never evidence of the fact. Such evidence cannot be overcome or explained by proving that the witness at some other time made a statement consistent with his testimony. The only way to meet evidence of a contradictory statement is to prove that the witness did not make it. Evidence of a previous statement consistent with the testimony of a witness is no more competent as evidence of the fact than the contradictory statement. For these reasons proof of the declarations of a witness out of court in corroboration of testimony given by him on the trial of the case is, as a general rule, inadmissible, even after he has been impeached or discredited. Chicago City Railway Co. v. Matthieson, 212 Ill. 292, 296, 72 N.E. 443; Eizerman v. Behn, 9 Ill.App.2d 263, 284, 132 N.E.2d 788. The additional portions of plaintiff's deposition sought to be introduced on cross-examination of the reporter in the instant case raised an inference that plaintiff walked on the pavement only at a point far south of the place where the accident occurred and were merely corroborative of plaintiff's position on the trial that he was walking on the gravel adjacent to the blacktop when he was struck."

The Biela case, supra, is not in point factually with the question now before us for decision. In that case,

defendant's attorney had the reporter testify that the plaintiff had made a statement on his deposition to the effect that prior to the accident he was walking on the blacktop part of the time and part of the time he was not and at the time he was struck by defendant's car he did not know whether he was on or off the blacktop. Plaintiff's attorney on cross examination of the reporter attempted to prove that in plaintiff's deposition he had testified that there was only one place about 125 feet north of Odgen Avenue where the water was covering the blacktop, which by inference attempted to show that plaintiff walked on the blacktop only at a point far south of the point of collision. Plaintiff had testified on direct examination to the same effect. The reference to the same testimony in his deposition was merely corroborative of his direct testimony and it did not explain or relate to the statements asked on examination of the reporter with reference to plaintiff's deposition as to whether he was walking on or off of the blacktop at the time he was struck.

The Goertz case, supra, was an action for personal injuries sustained by a passenger in alighting from defendant's train. It was the opinion of the court that it was proper for the plaintiff to refer to his testimony in his deposition to explain statements which were asked him on cross examination in reference to the same deposition. The fact that it indirectly or directly bolstered or corroborated his direct examination was held immaterial in view of the fact that it was necessary to explain statements asked by counsel for the defendant on cross examination. The Appellate Court, First District, Second Division, in approving the reading of statements from plaintiff's deposition by his counsel stated at pages 271–272 of the opinion the following:

"Defendant claims error in the reading of statements from plaintiff's deposition by his counsel on redirect examination, because this tended to bolster testimony given on direct examination. The deposition was first referred to by defendant on cross examination to contradict plaintiff's testimony that he heard no warning and that he started to get off the train while it was standing still. A party impeached or contradicted at the trial by statements made prior to that time, may use the same document to qualify or explain what has been testified to '. . . if a party proves what was said by the adverse party to the suit as evidence against him, such adverse party has a right to prove all that was said by him . . .' Norton v. Clark, 253 Ill. 557, 564, 97 N.E. 1079, 1082. That the statements in the deposition were repetitious of those made on direct examination is immaterial in view of the fact that defendant contended that they were contradictory."

Illinois Supreme Court Rule 19—10 (Chap. 110, Par. 101.19—10, Ill. Rev. Stat., 1957) governs the use of discovery and evidence depositions and in both the Biela and Goertz cases, supra, this Rule was not cited or quoted. Sub-paragraph (4) of said Rule provides for the partial use of depositions and is as follows:

"If only part of a deposition is read or used at the trial by a party, any other party may at that time read or use or require him to read any other part of the deposition which ought in fairness to be considered in connection with the part read or used."

It is the obvious purpose of sub-paragraph (4) of the above Rule to avoid the unfairness and distortion which may result if a party is permitted to read isolated parts of a deposition or portions out of context without permitting the opponent to read or require the other party to read other relevant portions of the

same deposition. Sub-paragraph (4) is adopted from the Federal Rules. The Federal Rule test of relevancy to the part used was not adopted. Rather, there is employed the test of whether the additional part sought to be read or required to be read "ought in fairness to be considered in connection with the part read or used."

█ In the case now before us, plaintiff was asked on cross examination if she did not state in her deposition that she "just glanced" and continued straight. Counsel for the plaintiff attempted to introduce evidence of what the plaintiff said in her deposition as to what she meant by the term "glanced." One of the apparent and vital issues in this case was the element of due care on the part of the plaintiff. The question asked plaintiff in reference to her deposition revealed that she was looking straight ahead and only "glanced" at the intersection. It was the obvious intention of the plaintiff to explain what she meant by the use of the term "glanced" in her deposition. A literal interpretation of Supreme Court Rule 19—10(4) and the application of the spirit of this Rule by the trial court should have permitted plaintiff's offered testimony. The element of due care was strenuously disputed and the trial court's rulings on its admissibility should have been substantially correct.

██ The plaintiff alleged and attempted to prove that the defendant was negligent in not maintaining a proper and legal stop sign at the intersection in question. The trial court permitted plaintiff to introduce evidence of other accidents at the intersection in question, and also permitted defendant to introduce evidence that showed that there were relatively few accidents at this intersection. We are not called upon to pass upon the admissibility of this evidence. The trial court, however, admitted evidence of the defendant, over the objection of the plaintiff, that at differ-

ent intersections other than the one involved herein that accidents occurred even though there were proper and legal stop signs in place. Plaintiff contends that the trial court erred in the admission of such evidence. The rule in relation to the competency of testimony of other accidents is that where such testimony tends to show the common cause of the accidents to be a dangerous, unsafe thing or condition, the evidence as to such accidents is competent, not for the purpose of showing independent acts of negligence, but for the limited purpose of showing that the unsafe thing or condition causing the particular accident was the condition or cause common to such independent accidents, and that the frequency of such accidents tends to show knowledge of such condition. To make the proving of other independent accidents competent, the condition or thing shown to be the common cause of danger in such accidents must be the condition or thing contributing to the danger of the accident complained of. Moore v. Bloomington, D. & C. R. Co., 295 Ill. 63, 128 N. E. 721. We are of the opinion, therefore, that the evidence in relation to other and different intersections in the City of Rock Island is not relevant or material to the issues in this case and it would be impossible for the conditions to be similar. The decisive issue is the condition of the intersection and stop sign in dispute and any evidence of other intersections, other stop signs and other accidents or the lack of other accidents is immaterial and irrelevant. The testimony, therefore, objected to as to accidents at other intersections where there were proper stop signs was prejudicial to the plaintiff.

The plaintiff lastly urges that the trial court committed reversible error in the giving of too many instructions in behalf of the defendant and assigns specific error to practically all of the instructions so given. We deem it unnecessary to burden this opinion

399

with a recital of defendant's instructions that were given. The defendant tendered thirty-six jury instructions of which twenty-nine were given by the court. Eight of defendant's given instructions were peremptory and told the jurors to find the defendant not guilty and in at least twelve instructions the jury was told repeatedly that plaintiff could not recover unless she was in the exercise of due care. We conclude that since the vital question to be passed upon by the jury in this case was the contributory negligence of the plaintiff, that the trial court committed error in the giving of eight peremptory instructions and in the giving of an excessive number of instructions emphasizing the question of due care on the part of the plaintiff.

Attorneys often tender an excessive number of instructions, repeating the same proposition over and over, not with the honest design of informing the jury of the law, but with the thought of enforcing upon the minds of the jury the importance of their various contentions and arguments. When the court instructs the jury repeatedly that "the plaintiff cannot recover" or that "they must find the defendant not guilty," the jury may believe that the court is of the opinion that the verdict should be for the defendant. Baker v. Thompson, 337 Ill. App. 327, 85 N.E.2d 924. No arbitrary rule or limitation can be laid down as to the exact number of instructions to be given and each case must necessarily be decided on its own facts, but the practice of giving an excessive number of instructions has been repeatedly condemned, Baker v. Thompson, supra, Chism v. Decatur Newspapers, Inc., 340 Ill. App. 42, 91 N.E.2d 114, Randal v. Deka, 10 Ill.App.2d 10, 134 N.E.2d 36. In the Randal case, supra, the court prudently observed that there is such a thing as a litigant being instructed out of court and the court

400

held that the giving of eight peremptory instructions constituted reversible error. It has further been held that the giving of twelve instructions on the issue of contributory negligence and the excessive repetition in such instructions of phrases such as "not guilty" and "plaintiff cannot recover" constitutes reversible error. Teague v. Hazelwood, 349 Ill. App. 392, 110 N.E.2d 703.

In the instructions before us, there has been injected many words of limitation and words designed to over emphasize or deemphasize a particular point of law, such as: a "mere" violation of the law, a "mere" condition, a "slight" injury, that plaintiff is barred from recovery if she "in any way" caused the accident, that plaintiff prove everything "material" without telling the jury what is material. It has been repeatedly held that such phraseology is not permissible.

■■ This case must necessarily be reversed and retried for the reasons heretofore stated and as a guide to the new trial we caution both counsel for the plaintiff who gave himself seventeen instructions and counsel for the defense who gave twenty-nine instructions that it is the office and province of jury instructions to properly and concisely instruct the jury on the law applicable to the case and to inform the jury concerning the law applicable to the facts and not to engage in an adversary proceeding. Instructions are to be given in clear and intelligent language and inform the jury what the issues are, the principles of law applicable to be observed, and the facts material to be proven to justify their verdict. The preparation of jury instructions is the duty of the parties but in the final analysis when they are read by the trial judge they become the court's instructions and it is elementary that this is not an adversary proceeding.

The judgment of the Circuit Court of Rock Island County is reversed and the cause remanded for a new trial.

Reversed and remanded.

CROW and SOLFISBURG, JJ., concur.