CHERYL DOMBROWSKI, Plaintiff-Appellee, *v.* GERALD W. LASCHINSKI, Defendant-Appellant.

First District (3rd Division)   No. 76-245

Opinion filed December 20, 1978.

Horace W. Jordan and Edward W. Moltzen, both of Van Duzer, Gershon, Jordan & Peterson, of Chicago, for appellant.

Thomas A. Clancy, of John C. Mullen, Ltd., of Chicago, for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court: Gerald W. Laschinski appeals from an order of the Circuit Court of

Cook County granting the motion of Cheryl Dombrowski for a new trial. The plaintiff initiated this action to recover damages allegedly incurred when the defendant negligently struck her with his car while she was crossing Northwest Highway in Barrington, Illinois. The suit was tried before a jury and, at the close of evidence, the jury returned a general verdict in favor of the plaintiff. The jury also returned a special interrogatory finding the plaintiff guilty of contributory negligence. Therefore, the trial court entered judgment in favor of the defendant.

The plaintiff subsequently filed a post-trial motion raising eleven errors as grounds for a new trial. The trial court overruled ten of the alleged errors but ordered a new trial based upon the eleventh ground: that the court had erroneously forced plaintiff's counsel to read a portion of an evidence deposition to the jury.

The defendant, as part of his case-in-chief, had read to the jury the entire direct examination of the evidence deposition of Shiela Aldrich, an eyewitness to the accident. The plaintiff introduced additional material from the deposition into evidence. However, instead of reading the entire cross-examination, she chose only to read three separate questions from the deposition. Those questions were as follows:

1. "Q. Were any lights on the highway along there?
   A. Yes, by the gas station.
2. "Q. Did they light up the highway there, where the accident occurred?
   A. Yes.
3. "Q. What was the condition of the light at the time, was it dark or just getting dark * * *?""

At this point the defendant raised an objection to the fact that the plaintiff was "skipping around" and, after a discussion off the record among the attorneys and the court, the plaintiff's counsel read the entire cross-examination of the deposition to the jury. Upon consideration of the plaintiff's post-trial motion, the trial court concluded that it had committed reversible error in requiring plaintiff's counsel to read the remainder of the deposition, and stated the following:

"* * * I [order a new trial] because the *court practically forced* [Dombrowski's counsel] to read that in front of the jury and there was a *little commotion* before the jury and perhaps I believe it *could have prejudiced* this court to such an extent he's entitled to a new trial here." (Emphasis added.)

Three issues are presented in this appeal: (1) whether the trial court improperly concluded that it had erred in requiring the plaintiff's counsel to read the entire cross-examination of the deposition to the jury, (2) whether, assuming the existence of such error, the mistake prejudiced the plaintiff's case and (3) whether the plaintiff waived any error by failing to

either object to the reading of the entire cross-examination or to move to strike the material after it had been read.

The defendant first contends that the trial court did not commit error when it forced the plaintiff's counsel to read the entire cross-examination of the deponent. The reading of the entire cross-examination, he asserts, was necessary under Supreme Court Rule 212(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 212(c)) in order to place the three questions already read by the plaintiff's counsel into their proper context. Supreme Court Rule 212(c) reads as follows:

> "(c) Partial Use. If only a part of a deposition is read or used at the trial by a party, any other party may at that time read or use or require him to read any other part of the deposition which ought in fairness to be considered in connection with the part read or used."
> Ill. Rev. Stat. 1975, ch. 110A, par. 212(c).

■■ We note that under the express language of Rule 212(c), the defendant did not have an absolute right to have the entire cross-examination read. The "fairness" standard of the rule reflects the purpose of the rule—to prevent the distortion which might occur when a party introduces isolated statements from a deposition into evidence. (Ill. Ann. Stat., ch. 110A, par 212, Historical and Practice Notes, at 170 (Smith-Hurd 1968).) Thus, before a party can force another party to read additional portions of a deposition, the trial court must first conclude that the additional statements are necessary to either explain or modify the statements originally introduced by the other party. See *Morse v. Hardinger* (1976), 34 Ill. App. 3d 1020, 341 N.E.2d 172.

■ The decision of a trial court to grant a new trial is an exercise of discretion which should not be disturbed unless a clear abuse of that discretion is shown. (*Ervin v. Sears, Roebuck & Co.* (1976), 65 Ill. 2d 140, 357 N.E.2d 500.) In the present case, the trial court clearly did not abuse its discretion in determining that error had been committed in requiring the plaintiff's counsel to read the entire cross-examination of the deposition, and in granting a new trial. The three questions originally offered by the plaintiff from the cross-examination all related to the lighting conditions surrounding the scene of the accident which were described in the direct examination. However, the entire cross-examination of the deponent-witness extended well beyond a consideration of the lighting conditions.

In *Smith v. City of Rock Island* (1959), 22 Ill. App. 2d 389, 161 N.E.2d 369, the plaintiff sustained injuries when her car collided with another automobile at an intersection in Rock Island, Illinois. The defendant was attempting to prove that the plaintiff was contributorily negligent in that she failed to exercise due care in proceeding into the intersection. Towards this end, the defendant attempted to impeach the in-court

testimony of the plaintiff as to how carefully she examined the intersection before proceeding into it by introducing a statement which the plaintiff made in a pretrial deposition that she only "glanced" at the intersection. The plaintiff then attempted to introduce additional statements from the deposition in which she had explained what she meant by the term "glanced." Under the predecessor of Rule 212(c), this court held that it was error for the trial court to have excluded these additional statements. It is obvious that the statements which had been incorrectly denied introduction into evidence by the trial court in *Smith v. Rock Island,* on which the defendant relies, were clearly related to the statements introduced by the defendant and served to place the defendant's portion in its proper context.

■■ The present case is likewise distinguishable from *Schmidt v. Blackwell* (1973), 15 Ill. App. 3d 190, 304 N.E.2d 113. In *Schmidt* the plaintiff introduced into evidence several isolated statements from two depositions. The trial court ruled that the defendant, pursuant to Supreme Court Rule 212(c), had the right to have the remaining portions of the depositions read to the jury. In affirming the trial court's action, the appellate court concluded that a fair trial was promoted by the reading of the entire deposition because a consideration of it was necessary to provide the proper context of the statements introduced by the plaintiff and because the introduction of the entire transcript would aid the jury in assessing the credibility of the witnesses. In the present case, however, the party seeking to invoke Rule 212(c) is the same party who first offered portions of the deposition into evidence. Laschinski had the opportunity to read any or all of the deposition to the jury but chose only to introduce the direct examination. Since he waived this right to introduce the cross-examination of the deponent, he cannot now complain that the cross-examination is necessary to assess the credibility of the deponent. Moreover, as we previously pointed out, the deleted portion of the deposition was not necessary to promote an understanding of the statements originally introduced by the plaintiff. We thus conclude that *Schmidt* is not controlling.

■■ The defendant next argues that even assuming that the trial court erred in requiring the plaintiff's counsel to read the entire cross-examination of deponent, a new trial is unnecessary because the plaintiff was not prejudiced by this error. The trial court concluded, however, that its action in forcing the plaintiff's counsel to read the remaining portion of the deposition could have prejudiced the plaintiff and that a new trial was in order. Since the trial court is in a better position to assess the effect of an error upon a jury, a reviewing court will not disturb a determination that a new trial is necessary, unless the trial court clearly abused its discretion. (*Pekelder v. Edgewater Automotive Co.* (1977), 68 Ill. 2d 136, 368 N.E.2d

900.) In view of the closeness of this case, as evidenced by the fact that the jury actually returned a general verdict in favor of the plaintiff, and also returned a special interrogatory finding the plaintiff guilty of contributory negligence, we cannot say that the trial court's conclusion that prejudice existed constituted an abuse of discretion.

■ Finally, the defendant argues that the plaintiff waived any error by failing to object to the introduction of the entire cross-examination of the deponent or by moving to strike these statements once they were read to the jury. It is generally said that the failure to make a timely objection to the admission of evidence constitutes a waiver of that objection. The function of the objection is, first to signify there is an issue of law, and, secondly, to give notice of the terms of the issue to the trial judge and the other parties. (*People v. Trefonas* (1956), 9 Ill. 2d 92, 136 N.E.2d 817; *Jacobs v. Holley* (1972), 3 Ill. App. 3d 762, 279 N.E.2d 186.) However, the record in this cause shows that immediately after the defendant requested that the remainder of the deposition be introduced into evidence, a conference was held off the record. Then, without comment, the plaintiff's attorney read the entire cross-examination of the deponent. In ruling on the post-trial motion, the trial judge commented that he practically forced the plaintiff's counsel to read the entire cross-examination. Based upon these comments of the trial judge, we believe that we can fairly infer that the plaintiff did not acquiesce in the reading of the cross-examination and made her objections known to the court and thereby did not waive the error.

For the reasons stated above, we believe that the trial court did not abuse its discretion in granting the plaintiff a new trial in this cause, and, therefore, the judgment of the Circuit Court of Cook County is affirmed and the cause is remanded for further proceedings.

Affirmed and remanded.

SIMON, P. J., and JIGANTI, J., concur.