HEATHER HENDERSON, a Minor, by Jill Hudspeth, Her Mother and Next Friend, *et al.*, Plaintiffs-Appellants and Cross-Appellees, *v.* ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant-Appellee and Cross-Appellant.—HEATHER HENDERSON, a Minor, by Jill Hudspeth, Her Mother and Next Friend, *et al.*, Plaintiffs-Appellees, *v.* ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant-Appellant.

Fourth District Nos. 4—82—0254, 4—82—0289 cons.

Opinion filed May 19, 1983.

David V. Dorris, of Jerome Mirza and Associates, Ltd., of Bloomington, for Heather Henderson and Jill Hudspeth.

George B. Gillespie, of Gillespie, Cadigan & Gillespie, of Springfield, for Illinois Central Gulf Railroad Company.

JUSTICE MILLS delivered the opinion of the court:

This appeal has two core issues.

One involves a discovery sanction.

The other, evidence of prior accidents.

We reverse and remand.

As this case involves no question of the sufficiency of the evidence establishing defendant's liability, an extended recitation of the facts is not necessary. Suffice it to say that on January 13, 1977, there was a collision between an automobile occupied by the plaintiffs (a mother and her two-year-old daughter) and one of the defendant's trains at a crossing in Hartsburg, Illinois. Both the mother and the daughter were injured.

They brought suit against the railroad and alleged, in part, that the railroad:

> "Failed to provide adequate warning to the public of the approach of its trains although said crossing was an extra hazardous crossing due to the fact that the view of trains traveling upon the tracks of the defendant in a northerly direction by vehicles traveling in an easterly direction upon the County Road was obstructed, and further due to the fact that said crossing was heavily traveled by vehicular traffic; ***."

At the trial, the plaintiffs presented evidence—including expert testimony—that the crossing was extra hazardous and required flashing signals for adequate protection. They also presented evidence of prior accidents at the crossing and the details of those accidents.

Objecting to the admission of the evidence concerning the prior accidents, the railroad argued that two of the accidents were dissimilar to the plaintiffs' accident. The trial court overruled the railroad's objection and allowed the evidence on the issue of notice to the railroad of the hazardous nature of the crossing.

In its defense, the railroad called its own expert who testified that the crossing was adequately protected. However, the railroad was denied, as a sanction for a discovery violation, the opportunity to call a second expert witness, Bernard Morris, an expert from the Illinois Commerce Commission.

The jury returned verdicts of $87,500 for the mother and $45,000 for the daughter. The railroad filed a post-trial motion alleging numerous trial errors and seeking a remittitur. The court reduced the verdict for the daughter to $22,500, but otherwise denied the railroad's

requested relief. Plaintiffs appealed from the remittitur and the railroad cross-appealed the denial of its post-trial motion. Because of our decision on two of the issues raised on the cross-appeal, we need not address the others, including the question of remittitur.

## I

 First, we hold that it was error to exclude the testimony of Bernard Morris.

There is no duty to supplement answers to interrogatories which are correct and complete when made. (*Strope v. Chicago Transit Authority* (1979), 71 Ill. App. 3d 987, 389 N.E.2d 1374.) All of the evidence below indicated that the railroad did not decide to call Morris as a witness until after plaintiffs' September 4, 1981, request to supplement an interrogatory under Supreme Court Rule 213(e) (87 Ill. 2d R. 213(e)) and that the railroad promptly and completely replied to the January 22, 1982, Rule 213(e) request. While the railroad may have delayed the decision to make Morris a witness, this is not a discovery violation. Because a violation is a condition precedent to the imposition of a sanction, the railroad is entitled to a new trial where Morris will be allowed to testify. *Clay v. McCarthy* (1979), 73 Ill. App. 3d 462, 392 N.E.2d 693.

## II

██ Second, we find that it was also error to allow the plaintiffs to present details of the prior accidents that were dissimilar to the accident in this case.

The general rule regarding the admissibility of prior accidents was summarized by the court in *Ray v. Cock Robin, Inc.* (1973), 10 Ill. App. 3d 276, 282, 293 N.E.2d 483, 487:

> "The law is well settled that evidence of prior accidents, occurring at the same place or with the same instrumentality, is competent, not for the purpose of showing independent acts of negligence, but for the limited purposes of showing that the common cause of such accidents was the unsafe condition or thing, and that frequency of such accidents tends to show knowledge of such condition."

(See also *Moore v. Bloomington, Decatur & Champaign R.R. Co.* (1920), 295 Ill. 63, 128 N.E. 721; *Smith v. City of Rock Island* (1959), 22 Ill. App. 2d 389, 161 N.E.2d 369.) This rule has long been accepted in Illinois (see *City of Taylorville v. Stafford* (1902), 196 Ill. 288, 63 N.E. 624; *City of Bloomington v. Legg* (1894), 151 Ill. 9, 37 N.E. 696), and is also accepted in the overwhelming majority of foreign jurisdic-

tions—both State and Federal. See *Simon v. Town of Kennebunkport* (Me. 1980), 417 A.2d 982, and cases cited therein.

What foundation must be laid to introduce evidence of prior accidents and whether details of those accidents may be introduced depend upon the purpose for which the evidence is being offered. If the evidence is being offered to show the existence of a particular danger or hazard, then a foundation must be laid establishing the similarity between the prior accidents and the present accident. The determining factor here is relevancy. Evidence of prior accidents is only admissible if it is relevant to the proponent's case. (*Churchill v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 127, 383 N.E.2d 929.) Evidence of prior dissimilar accidents is not relevant to the issue of whether a particular obstruction or hazard contributed to the present accident. Only similar accidents are relevant to show the existence of a particular danger. See *Newton v. Meissner* (1979), 76 Ill. App. 3d 479, 394 N.E.2d 1241; *Phillips v. Shell Oil Co.* (1973), 13 Ill. App. 3d 512, 300 N.E.2d 771.

Furthermore, when the proponent is offering the evidence to show the existence of a particular danger, he may also introduce details of the prior accidents. This is because details are relevant to the issue of whether a particular danger existed.

■ If the evidence of prior accidents is being offered only to show the defendant's notice of the generally hazardous nature of the accident site, then the proponent does not have to establish a foundation showing the similarity between the prior accidents and the present accident. (*First National Bank v. Illinois Central Gulf R.R. Co.* (1978), 62 Ill. App. 3d 36, 378 N.E.2d 1329.) Evidence of dissimilar prior accidents is relevant to the issue of whether the defendant knew the accident site was generally hazardous. See *Warshaw v. Rockresorts, Inc.* (1977), 57 Haw. 645, 562 P.2d 428; *Hilts v. County of Solano* (1968), 265 Cal. App. 2d 161, 71 Cal. Rptr. 275; *Young v. Illinois Central Gulf R.R. Co.* (5th Cir. 1980), 618 F.2d 332. Contra, *State v. Fair* (Ind. App. 1981), 423 N.E.2d 738; *Christmas v. Seaboard Coastline R.R. Co.* (Fla. App. 1974), 294 So. 2d 384.

The proponent may not, however, introduce details of the prior accidents when he is offering the evidence only to show the generally hazardous nature of the site. Those details are irrelevant; they unfairly prejudice the jury against the defendant, and their introduction is grounds for reversal.

This court recently decided a case with these exact theoretical underpinnings. In *First National Bank*, the plaintiff alleged that a specific obstruction—the morning sun—rendered a certain crossing haz-

ardous during the early morning hours and contributed to the decedent's accident. The sun allegedly prevented drivers approaching from the west from seeing the warning lights mounted atop the crossbucks at the crossing. The trial court allowed the plaintiff to admit evidence of one similar prior accident and five dissimilar prior accidents. The details of only the similar accident were admitted. Affirming the trial court, this court held that a proper foundation had been laid to enter evidence of the similar accident. This court also held that it was not error for the trial court to admit evidence of the dissimilar accidents because their details were not introduced and the fact that they occurred was relevant to show notice to the railroad that the townspeople believed the crossing was hazardous.

■■ In sum, if the plaintiff alleges that a specific or *particular danger* exists, then he should be allowed to enter evidence of prior similar accidents and their details. He should not be allowed to enter any evidence concerning dissimilar accidents.

If the plaintiff alleges that the accident site is of a *generally hazardous* nature, he should be allowed to enter evidence of any prior accident—regardless of its similarity to the accident *sub judice*. He should not, however, be allowed to enter any evidence concerning the details of those accidents.

If the plaintiff alleges both the existence of a particular danger and the generally hazardous nature of the site, he should be allowed to enter evidence of both similar and dissimilar prior accidents but he should be allowed to enter the details of only the similar accidents. The relevancy of each prior accident should be challenged by either a proper pretrial motion or a timely objection and, of course, its relevancy must be determined by the trial judge.

■■ In the case at bar, the plaintiffs pleaded both a particular danger and the generally hazardous nature of the railroad crossing. Therefore, the trial court correctly allowed them to enter evidence concerning prior similar and dissimilar accidents and the details of the similar accidents. The trial court, however, committed reversible error when it also allowed the plaintiffs to enter evidence of the details of the dissimilar accidents.

It should also be noted that defendant's instruction attempting to limit the use of prior accidents was properly refused because it was misleading. (*Graves v. Wornson* (1978), 56 Ill. App. 3d 873, 371 N.E.2d 692.) The instructions stated that evidence of prior accidents is not admissible to show negligence. This is correct only insofar as it refers to negligence on a prior occasion. As the evidence is admissible to show that defendant was negligent in the present case, the instruc-

tion was properly refused.

### III

Because we must reverse and remand for a new trial, we need not discuss the remaining issues at length. It is sufficient to note that the giving of special interrogatories is within the sound discretion of the trial judge (*Albaugh v. Cooley* (1981), 87 Ill. 2d 241, 429 N.E.2d 837) and that instructions which are not supported by the evidence need not be given. (*Graves.*) The questions of the trial judge's communication with the jury and the remittitur are moot, and we decline to add additional unnecessary pages to the volumes on the shelves.

Reversed and remanded.

WEBBER, P.J., and MILLER, J., concur.