ELIZABETH WINDEGUTH, Plaintiff-Appellee, v. NATIONAL SUPER
MARKETS, INC., Defendant-Appellant.

Fifth District   No. 5—89—0622

Opinion filed July 18, 1990.

James A. Gottschalk, of St. Louis, Missouri, for appellant.

James R. Moore, of Carterville, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

Plaintiff slipped and fell on a grape in defendant's grocery store. Plaintiff alleged that defendant was negligent in failing to: (1) keep the "floor area clean and free of produce and debris"; (2) place "sufficient mats or other nonskid surfaces in the aisle"; and (3) "give adequate warning of the hazard to plaintiff."

Plaintiff withdrew the first claim of negligence by agreeing to give defendant's proposed jury instruction that omitted this claim.

Defendant's motions for directed verdicts on the other two allegations were denied, and a jury returned a verdict for plaintiff for $12,799.92.

Defendant claims that the circuit court erred in denying defendant's motion for directed verdict for two reasons: (1) the evidence that plaintiff slipped and fell on a grape on defendant's floor was not sufficient to prove defendant was negligent in failing to keep the floor area free of produce and debris; and (2) plaintiff's evidence was insufficient to make a *prima facie* case that defendant was negligent in either failing to put mats in the aisle or failing to warn plaintiff that fruits and vegetables could be on defendant's floor.

Defendant argues that to prove defendant negligent insofar as the presence of the grape on the floor, plaintiff must prove either: (1) the

grape came to be on the floor through defendant's negligence; or (2) defendant had actual knowledge the grape was on the floor, but failed to remove it; or (3) the grape had been on the floor a sufficient length of time so that it should have been discovered, thereby giving defendant constructive notice of its presence. *Hayes v. Bailey* (1980), 80 Ill. App. 3d 1027, 400 N.E.2d 544; *Hresil v. Sears, Roebuck & Co.* (1980), 82 Ill. App. 3d 1000, 403 N.E.2d 678.

█ Defendant correctly states law that does not apply to this case. Plaintiff withdrew the claim to which that law would apply and submitted the case on the theories that defendant failed to place sufficient mats on the floor and failed to warn.

*Hresil*, cited by defendant, is distinguishable because it is a constructive notice case. Constructive notice was not a theory of liability that was submitted to the jury in this case.

We turn then to defendant's second claim; namely, that plaintiff failed to make a *prima facie* case. Specifically, defendant claims plaintiff did not prove that defendant's alleged negligence in either failing to provide sufficient nonskid mats or in failing to warn was the proximate cause of plaintiff's injury. Defendant argues that there is no proof that another mat, a larger mat, or a warning would have prevented plaintiff's fall.

█ █ To prevail in a negligence suit, the plaintiff must prove that the defendant owed her a duty, that the duty was breached, that the plaintiff has suffered damages, and that the defendant's breach of duty was the proximate cause of plaintiff's damages. (*Filipetto v. Village of Wilmette* (1985), 135 Ill. App. 3d 781, 784, 482 N.E.2d 358, 360.) If the result of the defendant's negligence is one that an ordinarily prudent person would have foreseen as likely to occur, then the defendant will be held responsible. (*Scott & Fetzer Co. v. Montgomery Ward & Co.* (1986), 112 Ill. 2d 378, 393, 493 N.E.2d 1022, 1029.) There may be more than one proximate cause of an injury (*Dodson v. Spain* (1987), 154 Ill. App. 3d 1034, 1036, 507 N.E.2d 1306, 1307), and where the defendant owes a duty of due care, he may be liable even if his acts or omissions did not create the source of damage (*Scott & Fetzer*, 112 Ill. 2d at 393, 493 N.E.2d at 1029). The issue of proximate cause is ordinarily left to the trier of fact. *Scott & Fetzer*, 112 Ill. 2d at 393, 493 N.E.2d at 1028; *Filipetto*, 135 Ill. App. 3d at 784, 482 N.E.2d at 360.

█ █ In this case the defendant's employees testified it was not unusual for grapes to be on the floor, for grapes to roll off the mats, and, in heavy shopping traffic, for grapes to appear on the floor within two minutes. The store manager testified he knew there was a

hazard, that grapes on the floor are very slippery, and that a person is less likely to slip on food present on a mat than when food is on the floor.

Verdicts ought to be directed and judgments entered only in those cases in which all the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant, that no contrary verdict based on the evidence could stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

There is adequate evidence to support the jury's finding that the defendant's failure to provide adequate mats or warn of the dangerous condition was a proximate cause of plaintiff's injury.

Next, defendant argues the circuit court erred in admitting Dorothy Treece's testimony that she fell on grapes in defendant's store a year and one-half before plaintiff's fall. Defendant argues the two accidents were not substantially similar, making Treece's accident irrelevant. Defendant relies on *Simmons v. Aldi-Brenner Co.* (1987), 162 Ill. App. 3d 238, 515 N.E.2d 403, which states:

> " 'To make the proof of other independent accidents competent, the condition or thing shown to be the common cause of danger in such accidents must be the condition or thing contributing to the danger of the accident complained of.' " *Simmons*, 162 Ill. App. 3d at 246, 515 N.E.2d at 409.

*Moore v. Bloomington, Decatur & Champaign R.R. Co.* (1920), 295 Ill. 63, 67, 128 N.E.2d 721, 722-23.

We first address substantial similarity.

■ If the evidence of prior accidents is being offered only to show the defendant's *notice* of the generally hazardous nature of the accident site, then the proponent does not have to establish a foundation showing the similarity between the prior accidents and the present accident. In fact, evidence of *dissimilar* prior accidents is relevant to the issue of whether the defendant knew the accident site was generally hazardous. *Henderson v. Illinois Central Gulf R.R. Co.* (1983), 114 Ill. App. 3d 754, 449 N.E.2d 942.

On the other hand, if the evidence is being offered to show the existence of a *particular danger or hazard*, then a foundation must be laid establishing the similarity between the prior accident and the present accident. Only similar accidents are relevant to show the existence of a particular danger. *Henderson v. Illinois Central Gulf R.R. Co.*, 114 Ill. App. 3d at 758, 449 N.E.2d at 945.

In this case, the circuit court correctly admitted the evidence to prove notice.

■ Treece's fall shows defendant's knowledge of the hazardous

condition. Both plaintiff and Treece slipped on grapes that were not on the mats and fell in the produce aisle. Treece's testimony showed defendant knew she had fallen on grapes in the aisle of defendant's store. Therefore, her testimony is relevant.

In the language of *Simmons*, the common cause of both falls was produce laying on the tile floor of the aisle, away from the matted area.

The admission of evidence is discretionary with the circuit court.

The circuit court did not abuse its discretion in admitting Treece's testimony.

The circuit court is affirmed.

Affirmed.

CHAPMAN and WELCH, JJ., concur.