MARGARET BELSHAW, Plaintiff-Appellant, v. HILLSBORO HOTEL, INC., Defendant-Appellee.

Fifth District   No. 5—91—0443

Opinion filed June 1, 1992.

Kelly D. Long, of Kelly D. Long Law Office, of Hillsboro, and Gregg Johnson, of Calvo Law Offices, of Granite City, for appellant.

Stephen R. Cullison, of Cullison & Vandever Law Office, of Hillsboro, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Margaret Belshaw, plaintiff-appellant, appeals from a judgment entered May 15, 1991, by the circuit court of Montgomery County following a jury trial, in favor of defendant-appellee, Hillsboro Hotel, Inc. Plaintiff had filed a complaint against defendant seeking damages for injuries she suffered when she fell on the stairs at a Red Rooster Restaurant owned and operated by defendant.

Plaintiff's complaint, filed May 16, 1989, alleged that the stairway on which she fell was dark and dimly lit, that the stairway and the lower-level floor had the same color, dark carpeting, and that the bottom step of the stairway was of a different size than the other steps. The complaint further alleged that the defendant breached its duty of reasonable care to plaintiff in failing to warn her of the dangers and in failing to take reasonable steps to protect her from the dangers. The accident occurred on July 11, 1987.

On June 9, 1989, defendant filed an answer to plaintiff's complaint raising the affirmative defenses that plaintiff was contributorily negligent in failing to keep a proper lookout, in descending the steps at an unsafe speed and in an unsafe manner, in tripping or stumbling while descending the steps and, most pertinently, in failing to hold on

to the handrailing or utilize other safety measures when she knew or should have known she was prone to falling. Plaintiff denied all the allegations of contributory negligence.

On May 14, 1991, the day jury trial commenced, plaintiff filed a motion *in limine*, seeking to exclude any reference to:

"3) Whether plaintiff, Margaret Belshaw, sustained other injuries or illnesses prior or subsequent to this occurrence unless there is a showing by defendant outside the presence of the jury that there will be a causal connection by competent medical testimony between said injuries or illnesses and the plaintiff's claimed injuries in this case. [Citations.]

4) Whether plaintiff was involved in the prior or subsequent accidents, unless connected by competent medical testimony outside the presence of the jury to plaintiff's claimed injuries in this case. [Citations.]"

Hearing was held on the motion on that same date, just before trial commenced. Defendant argued that the fact that plaintiff had suffered three previous falls during the six to seven years preceding the instant fall evidenced the fact that she had a propensity to fall, and that this propensity to fall was a substantial cause of the accident in question. Plaintiff countered that her previous falls were the result not of her negligence or propensity to fall but of the negligence of others or hazardous conditions outside of her control. Plaintiff also argued that evidence of prior falls had no relevancy to the case at bar and would be highly prejudicial. The court ruled as follows:

"I will allow the Defense to get into that evidence, that, the fact that she has fallen on those occasions, but not to go into the, the extent. She can testify that she broke the bones in question, but that is it. We don't go any further into that. This is a separate case and I think just simply to the isse [*sic*] as to prone to falling, just as if there had been other falls to that staircase, that is relevant. But, limited to that. We don't go any further into that because we are not going to try those cases again and as Mr. Long has indicated we don't know what the circumstances were, she could be totally without fault.

The only issue here is whether she has the notice herself that she has fallen before, I think. And I think that can be considered by a jury in determining any comparative negligence on her part. But, that is the extent of that disability."

On cross-examination of plaintiff, defendant inquired of plaintiff whether she had suffered from previous falls. Plaintiff's counsel objected, arguing that the evidence was not relevant for the same rea-

sons he had raised before. The objection was overruled. Plaintiff responded that she had fallen on three occasions. She explained that she had fallen in a store and broken her left wrist. The fall was caused by an object protruding into the aisleway. Plaintiff had also fallen at her church. When she entered the church it had been raining. When she came out, the rain had frozen and she slipped on the ice, breaking her right shoulder. Plaintiff broke her left shoulder when leaving a friend's house. When plaintiff entered the house, it had been raining. When she left, the rain had turned to ice. Plaintiff slipped on the ice. These falls occurred during the 1980's, the last one being in 1985.

At the close of all the evidence, plaintiff moved for a directed verdict on defendant's affirmative defenses. With respect to prior falls, defendant argued that there was evidence that plaintiff suffered three previous falls during the 1980's and therefore she should have known that she was somewhat prone to falling and should have utilized some sort of safety measures when descending steps to help prevent her from falling. The trial court denied plaintiff's motion.

In closing argument, defendant argued:

"I think if someone has in a period of approximately seven or so years received broken bones in three prior falls they would understand they might have some tendency perhaps at times to lose their balance and fall. Might take some extra precaution when they are descending steps. Particularly steps they might not be familiar with. Might ask someone that was with them for some extra assistance or perhaps hold on to the railing until they had both feet on the floor they were going to, or something of that nature. But just because a fall occurs does not mean that, that someone is automatically liable for the events that resulted, the damages that occur."

Following the jury verdict and judgment in favor of defendant, plaintiff filed a motion for new trial alleging that she had been deprived of a fair trial by the trial court's denial of her motion *in limine* respecting her prior falls and by the admission of highly prejudicial and irrelevant evidence of plaintiff's prior falls. Plaintiff's motion was denied on June 19, 1991. In denying the motion, the court found that, while evidence of other specific falls may not be presented simply to show that plaintiff was more likely to have fallen here, it was properly admissible in support of defendant's affirmative defense that plaintiff, knowing of her propensity to fall, was contributorily negligent in failing to take added precautions.

■ It is well settled that evidence of a plaintiff's prior conduct is irrelevant on the question of her conduct on the occasion in issue. (*Le-*

*Master v. Chicago Rock Island & Pacific R.R. Co.* (1976), 35 Ill. App. 3d 1001, 1020, 343 N.E.2d 65, 81.) Thus, prior negligent conduct by a plaintiff is irrelevant and inadmissible to establish plaintiff's negligent conduct on the occasion in issue. The parties do not dispute that this is so.

Defendant argues, however, that it did not introduce the evidence of plaintiff's prior falls to show her negligence on those prior occasions and, by implication, her negligence on the occasion in question. Defendant introduced the evidence of plaintiff's prior falls only to establish that she knew she had a propensity to fall and therefore was obligated to take additional precautions in descending the defendant's stairway, more than one who had no propensity to fall.

■■ Defendant argues that, in Illinois, a party may introduce evidence of a prior accident to show notice of the existence of a dangerous condition. (*Rittenhouse v. Tabor Grain Co.* (1990), 203 Ill. App. 3d 639, 649, 561 N.E.2d 264, 271.) The admissibility of such evidence is not dependent on any factual similarity between the accidents. (*Rittenhouse*, 203 Ill. App. 3d at 649, 561 N.E.2d at 271.) As expressed in *Henderson v. Illinois Central Gulf R.R. Co.* (1983), 114 Ill. App. 3d 754, 757, 449 N.E.2d 942, 944:

> "The law is well settled that evidence of prior accidents *** is competent, not for the purpose of showing independent acts of negligence, but for the limited purposes of showing that the common cause of such accidents was the unsafe condition or thing, and that frequency of such accidents tends to show knowledge of such condition."

Thus, defendant argues, it was properly allowed to introduce evidence of plaintiff's prior falls to demonstrate her knowledge or notice of an unsafe condition, that is, her propensity to fall. Evidence of prior accidents is only admissible if it is relevant to the proponent's case. *Henderson*, 114 Ill. App. 3d at 758, 449 N.E.2d at 945.

Defendant argues that the evidence of plaintiff's prior falls is relevant to the issue of whether she knew she had a propensity to fall, which issue is probative of the issue of plaintiff's contributory negligence. Defendant concludes that the admission of evidence is within the discretion of the trial court (*Windeguth v. National Super Markets, Inc.* (1990), 201 Ill. App. 3d 35, 39, 558 N.E.2d 548, 550), and that the trial court did not abuse its discretion in the instant case.

Defendant may be correct that failure of a plaintiff to take precautionary measures in descending stairs when she is on notice of a propensity to fall may, under proper circumstances, constitute contributory negligence in a slip-and-fall case. However, the evidence pre-

sented by defendant of the three prior falls by plaintiff does not establish even remotely that plaintiff has a greater propensity to fall than does the ordinary or average person. The evidence indicates that plaintiff, who was 80 years of age in 1987, had fallen three times in her lifetime. Each fall was attributed not to a physical defect or condition from which she suffered, or to her clumsiness, but to sudden icy conditions or an object protruding into an aisleway in a store. Defendant presented no evidence that plaintiff suffered from any disabling or debilitating condition, that she was ill or weak or suffered from a defect which made it more likely that she would fall. The evidence presented by defendant does not establish that plaintiff had any unusual propensity to fall. No jury could reasonably infer from the evidence that plaintiff had any greater propensity to fall than the ordinary person. Indeed, we think that the evidence demonstrates quite the contrary. Three falls in a lifetime of 80 years, each attributed to some cause out of plaintiff's control, would demonstrate that plaintiff was a strong, able-bodied woman with no unusual propensity to fall.

Relevancy describes evidence that has a legitimate tendency to prove or disprove a given proposition that is material as shown by pleadings. (*Caley v. Manicke* (1961), 29 Ill. App. 2d 323, 330, 173 N.E.2d 209, 212, *rev'd on other grounds* (1962), 24 Ill. 2d 390, 182 N.E.2d 206.) The material proposition which defendant sought to prove by the evidence of plaintiff's prior falls is that she was contributorily negligent in failing to take added precautions in light of her known propensity to fall. Because the evidence of plaintiff's prior falls here had no legitimate tendency to prove or disprove this proposition, it was irrelevant. Relevancy has been defined as a tendency to establish a fact in controversy, or to render a proposition in issue more or less probable. To be probable, evidence must be viewed in the light of logic, experience and accepted assumptions concerning human behavior. (*Caley*, 29 Ill. App. 2d at 330, 173 N.E.2d at 212.) So viewed, the evidence of three falls in a lifetime of 80 years, all of which were attributable to some cause outside the control of plaintiff, does not make it more probable that plaintiff has any greater propensity to fall than the ordinary, average person. See also *Marut v. Costello* (1964), 53 Ill. App. 2d 340, 202 N.E.2d 853, *aff'd* (1965), 34 Ill. 2d 125, 214 N.E.2d 768.

Matters improperly in evidence should be stricken to remove whatever impact they may have on the jury. (*Caley*, 29 Ill. App. 2d at 331, 173 N.E.2d at 212.) Such evidence is prejudicial because of the innuendos to which such evidence is susceptible. (*Simpson v. Johnson* (1977), 45 Ill. App. 3d 789, 795, 360 N.E.2d 144, 149.) While in the

instant case plaintiff did not move to strike the evidence, her objection to the line of questioning at its inception was overruled. Furthermore, she had unsuccessfully filed a motion *in limine* to exclude the evidence. These actions were sufficient to preserve the question for review.

■ The evidence presented by defendant as to plaintiff's prior falls was erroneously admitted. It should have been stricken by the trial court and the jury instructed to disregard it. Furthermore, the trial court erred in denying plaintiff's motion *in limine* to exclude this evidence and in denying plaintiff's motion for a directed verdict on this evidence and issue. Because of the nature of the improperly admitted evidence, the innuendos to which it is susceptible, and the erroneous conclusion to which it can lead, we find that plaintiff was prejudiced by its admission. Accordingly, we reverse the judgment of the circuit court of Montgomery County in favor of defendant and remand this cause for a new trial.

Reversed and remanded.

GOLDENHERSH, P.J., and HARRISON, J., concur.