**Wayne WRIGHT, Plaintiff-Appellant,**

v.

**GENERAL MOTORS CORP. and T. A. Brouillette and Son, Inc., Defendants-Appellees.**

No. 71–1835.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 28, 1972.

Decided May 24, 1973.

William D. Hanagan, Mt. Vernon, Ill., for plaintiff-appellant.

John E. Jacobsen, Mt. Vernon, Ill., Vincent J. Hatch, Belleville, Ill., for defendants-appellees.

Before DUFFY, Senior Circuit Judge, STEVENS, Circuit Judge, and CAMPBELL, Senior District Judge.*

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

WILLIAM J. CAMPBELL, Senior District Judge.

In this diversity action in which Illinois law controls, the plaintiff appeals from an order of the district court which dismissed his products liability complaint for failure to state a claim upon which relief could be granted. We reverse and remand for further proceedings.

In his amended complaint, the plaintiff named as defendants General Motors Corp. and T. A. Brouillette and Son, Inc., respectively the manufacturer and the seller of plaintiff's truck, and alleged that he was operating the truck when, due to a defect in the transmission system, the truck went into two gears at once, stopped on a public highway and could not be moved. The amended complaint further alleged that the plaintiff then activated the emergency flasher lights on the vehicle, got out of the truck in order to make emergency repairs on the transmission system so that the vehicle might be moved off the road, and while so engaged was struck and injured by a vehicle coming from the opposite direction.

The defendant General Motors Corp. moved to dismiss the amended complaint, and the district court held as a matter of law that the defendants' conduct was not the proximate cause of the plaintiff's injuries. The district judge stated:

"The allegations of the complaint are sufficient to show that the product was defective and that the defect caused the truck to stop on the highway. The complaint does not show where with regard to the travel portion of the highway the truck came to rest. It does allege, however, that plaintiff was standing at the left front side of the truck. It does not allege whether the plaintiff was standing in the line of the oncoming traffic or whether the oncoming car crossed over into plaintiff's lane and struck plaintiff. In either case it can hardly be said that the defective condition of the truck was the direct and proximate cause of plaintiff's injury. The allegations of the complaint show that his injuries were caused by his own conduct in improperly placing himself in the lane of oncoming traffic or the wrongful conduct of the oncoming vehicle by its being in the improper lane. Neither of these conditions can be attributable to the defect in the product."

■■ Under Illinois law, before an intervening force will relieve a defendant from liability for his wrongful conduct, the intervening force must itself be outside the range of reasonable anticipation as a consequence of the defendants' wrongful conduct. Ney v. Yellow Cab Co., 2 Ill.2d 74, 80–83, 117 N.E.2d 74 (1954). Where the question of whether the intervening force or event was a reasonable foreseeable consequence of the defendants' conduct is one over which reasonable men might differ, the issue of proximate causation should never be determined as a matter of law. Ney v. Yellow Cab Co., 2 Ill.2d 74, 84, 117 N.E.2d 74 (1954). In that circumstance, the issue of proximate cause is for the jury to decide under appropriate instructions. We note, too, that the Illinois approach comports with the view of the Restatement. Restatement of Torts, 2d edition, §§ 440–447 (1965).

■ Examining the allegations in the plaintiff's amended complaint, we are unable to conclude as a matter of law that the defendants' conduct was not a proximate cause of the plaintiff's injuries. Whether the plaintiff's conduct in attempting to make emergency repairs on the disabled vehicle and his being struck by another oncoming vehicle while so engaged interrupted the chain of causation set in motion by the defendants' wrongful conduct is a question over which, we think, reasonable minds might reach differing conclusions. When a vehicle suddenly comes to a halt on a public highway, we do not believe that an attempt to make emergency repairs on the vehicle or the vehicle's being struck by another vehicle are outside the range of reasonable anticipation. In any event,

since there is room for an honest difference of opinion, the issue of proximate causation presents a question of fact for the jury to resolve.

For the reasons stated, the order of the district court is reversed and the cause is remanded for further proceedings consistent herewith.