D. FILIPETTO, a minor, by his Father and Next Friend, G. Filipetto, Plaintiff-Appellant, v. THE VILLAGE OF WILMETTE et al., Defendants-Appellees.

First District (3rd Division)   No. 84—730

Opinion filed July 24, 1985.—Rehearing denied September 10, 1985.

Barclay, Damisch & Sinson, Ltd., of Chicago (Junie L. Sinson and George

D. Maurides, of counsel), for appellant.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Nancy Jo Arnold, of counsel), for appellees.

Law offices of Thomas P. McLaughlin, of Hoffman Estates (Thomas P. McLaughlin and Donald S. Haley, of counsel), for appellee Artley Paving Corporation.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Daniele Filipetto, a minor, brought this action by his father and next friend, seeking to recover for injuries sustained when his bicycle ran into an air compressor. The trial court granted summary judgment on all four counts of plaintiff's complaint in favor of defendants village of Wilmette, Artley Paving Corporation, and William J. Scown Building Company. Plaintiff does not challenge the judgment entered in favor of Scown, but on appeal contends that the trial court erred in granting summary judgment in favor of the village and Artley.

On August 4, 1980, plaintiff turned his bicycle from Beverly Drive westbound onto Wilmette Avenue. Wilmette is a four-lane road with parking permitted on both sides in the curb lanes. After turning into the far right lane on Wilmette Avenue, plaintiff saw an object on the right side of the road, about two blocks ahead, but was unable to determine whether it was moving or stationary.

The object, an air compressor, was placed there by Artley in preparation for street repair work being done by Artley for the village. The compressor extended almost 5 feet from the curb into the roadway, with the front of the compressor facing plaintiff. An A-frame trailer hitch on which the compressor rested extended 5 feet 9 inches in front of the compressor, parallel to the north curb. It is disputed as to whether a barricade was placed next to the compressor. The village was aware that Artley moved the compressor to each new site prior to the crew's arrival. According to Earl Bondy, the village's inspector, the compressor was unattended on Wilmette Avenue for a period of between 15 to 60 minutes prior to plaintiff's injury.

Plaintiff's view of the compressor and trailer was obstructed until an automobile traveling in front of him drove around the compressor. Plaintiff stated that he did not see the A-frame hitch prior to colliding with the compressor. As plaintiff moved to the left in an attempt to get around the compressor, a second vehicle came up behind him. Plaintiff glanced back at the second automobile, saw it "jerking" toward him and steered his bicycle to the right. As plaintiff turned to look forward, he struck the trailer. Plaintiff flew over the handlebars and was struck

in the face by a nozzle protruding from the compressor.

In count I of his complaint, plaintiff alleged that the village breached its duty to maintain its roadway in a safe condition because it allowed Artley to leave paving equipment on the street without warnings or barricades. The trial court determined that the village had no notice that Artley left its equipment unattended and without barricades, and it granted summary judgment in favor of the village.

In count II, plaintiff charged Artley with negligence for abandoning its equipment on the street and failing to place barricades in violation of the village ordinances and the Illinois Transportation Manual on Uniform Traffic Control. In granting summary judgment, the court held that Artley's actions were not the proximate cause of plaintiff's injuries.

Counts III and IV were directed at the village and Artley respectively and alleged a violation of "an Act to protect *** the general public from injury or death during construction or repair of *** highways ***." (Ill. Rev. Stat. 1979, ch. 121, par. 314.1 *et seq.*) The trial court held that the act was inapplicable to the village since the village was not a contractor under the act and that, assuming a violation by Artley, it was not the proximate cause of plaintiff's injuries. Plaintiff initially contends that the trial court erred in holding as a matter of law that the actions of the unknown driver were the sole proximate cause of plaintiff's injuries.

■■ ■ For plaintiff to prevail in a negligence suit, he must prove that defendant owed him a duty, that the duty was breached, that he suffered damages, and that defendant's breach was the proximate cause of his damages. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617.) If the negligence charged does nothing more than furnish a condition by which the injury is made possible and that condition causes an injury by the subsequent independent act of a third party, the defendant's actions are not a proximate cause of the injury. (*Illinois Central R.R. Co. v. Oswald* (1930), 338 Ill. 270, 170 N.E. 247.) The test is whether the first wrongdoer should have reasonably foreseen the intervening cause as a natural and probable result of his negligence. (*Merlo v. Public Service Co.* (1942), 381 Ill. 300, 45 N.E.2d 665.) An injury follows as a natural and probable result where an ordinarily prudent person ought to have foreseen that some injury might occur, although the precise injury which in fact occurred need not have been foreseen. (*Kinsch v. Di Vito Construction Co.* (1964), 54 Ill. App. 2d 149, 203 N.E.2d 621.) Generally the issue of proximate cause is for the trier of fact. *Wells v. Web Machinery Co.* (1974), 20 Ill. App. 3d 545, 315 N.E.2d 301.

■ With the adoption of comparative negligence in Illinois, the need is diminished for a policy which protects the remotely negligent defendant from liability for the full measure of damages. (V. Schwartz, Comparative Negligence sec. 4.2 (1974); H. Wood, comparative Fault sec. 5:1 (1978).) The comparison of fault will necessarily include the proximate components of nonremoteness and foreseeability, and the courts are less wiling to label an actor's conduct as a remote cause of the injury. *Michalak v. County of La Salle* (1984), 121 Ill. App. 3d 574, 459 N.E.2d 1131.

After assuming a breach of Artley's duty to warn plaintiff of the presence of the compressor, the trial court held that such a breach was immaterial because plaintiff stated in his deposition that he saw the compressor and was attempting to ride around it when the second motorist jerked toward him. The court also held as a matter of law that Artley could not reasonably foresee that a failure to place barricades near the compressor would result in another vehicle forcing a cyclist into the compressor.

Plaintiff alleged a violation of Wilmette General Ordinance 13—815, which prohibits parking any truck or trailer on any street for a longer period than is reasonably necessary for unloading. He also charged Artley with violating ordinance 16—9.6, which provides:

"DEPOSITS OR STORAGE ON PUBLIC WAYS. It is unlawful for any person to use any public way for storage. It is unlawful to deposit on any public way any material, glass or other substance or articles which may do injury to any person, animal or property; provided, however, the Superintendent of Streets may give permission for temporary deposits of material necessary for utility construction. Merchandise or other articles may be deposited on sidewalks preparatory to delivery, if the useable width of the walk is not reduced thereby to less than four feet, but no such articles shall remain on the walk for more than one-half hour."

■ The record indicates that Artley moved the air compressor to each new work site and then left it unattended on the street. The compressor was left on Wilmette Avenue for a period of between 15 and 60 minutes before plaintiff was injured. Violation of a safety statute is *prima facie* evidence of negligence (*Kacena v. George W. Bowers Co.* (1965), 63 Ill. App. 2d 27, 211 N.E.2d 563), and plaintiff has raised a genuine issue of material fact with respect to Artley's duty and breach of that duty.

■ Furthermore, we cannot say that the actions of the unknown driver of the second automobile were the sole proximate cause of plain-

tiff's injuries. The village ordinance contemplates possible injury when articles are placed on the public way, though perhaps not contemplating the precise injury which occurred here. That plaintiff was forced into the compressor is not so unforeseeable that Artley's conduct as a matter of law should be considered too remote to impose liability. We hold that the trial court erred in granting summary judgment to Artley on count II of plaintiff's complaint.

■ Plaintiff next contends that the trial court erred in awarding summary judgment to the village on count I. The village counters that summary judgment was proper since it was based on plaintiff's failure to show the village had notice of Artley's actions.

We believe that plaintiff has sufficiently raised a question of fact as to the village's notice which precludes the entry of summary judgment. Earl Bondy, the village's inspector, stated in his deposition that he was aware Artley moved the compressor to each new work site before the workers concluded at the previous site and that this practice had been carried on for at least two weeks. Bondy also stated that the compressor was left on Wilmette Avenue for up to one hour before plaintiff was injured.

■ Plaintiff also contends that the trial court erred in granting judgment on his claims under the road construction injuries act contained in counts III and IV. The trial court held that the village was not a contractor within the meaning of the act and that, assuming a violation of the act by Artley, the violation was not a proximate cause of plaintiff's injuries.

We need not reach either issue, since under the holding in *Dodson v. Shaw* (1983), 113 Ill. App. 3d 1063, 1067, 448 N.E.2d 188, 191, the act is only "concerned with the unusually dangerous situation where a highway is closed altogether [citation], or there is only one lane of traffic for use by vehicles traveling in opposite directions [citation]." Neither situation is present here, and the trial court properly granted summary judgment in favor of the village and Artley on counts III and IV.

For the foregoing reasons, the order of the circuit court of Cook County granting summary judgment to the village and Artley on counts III and IV of plaintiff's complaint is affirmed. The order granting summary judgment on counts I and II of plaintiff's complaint is reversed, and the cause is remanded for further proceedings consistent with the views expressed herein.

Affirmed in part; reversed in part and remanded for further proceedings.

McGILLICUDDY and RIZZI, JJ., concur.