BEVERLY KEMP, Plaintiff-Appellant, v. SISTERS OF THE THIRD OR-
DER OF ST. FRANCIS, d/b/a St. Mary's Hospital, Defendants-Appellees.

Third District   No. 3—85—0505

Opinion filed May 14, 1986.

Craig Collins, of Galesburg, for appellant.

D. Kendall Griffith, Paul C. Estes and Lynn D. Dowd, all of Hinshaw,
Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Beverly Kemp, appeals from an order granting sum-
mary judgment in a malpractice action for the defendant, Sisters of
the Third Order of St. Francis, d/b/a St. Mary's Hospital. We affirm.

The facts are not in dispute. On January 29, 1982, the plaintiff
was hospitalized for surgery. While the plaintiff was lying on the oper-
ating room table, an independently employed nurse anesthetist
knocked over an intravenous (IV) pole and an attached glass IV bot-
tle. The IV bottle struck the plaintiff in the mouth, causing dental in-

juries. The plaintiff sued the defendant, alleging negligence in using a hard glass IV bottle, rather than a soft plastic bag, in the operating room.

On August 7, 1984, the defendant filed a motion for summary judgment on the grounds that the use of the glass IV bottle was not the proximate cause of the plaintiff's injuries. The motion was denied.

On March 27, 1985, the scheduled date of the trial, the defendant again moved for summary judgment. That motion was based both on the grounds of the previous motion, and on a new theory that the plaintiff's expert witness could not state on deposition whether the defendant deviated from acceptable hospital practice in using glass IV bottles as opposed to plastic bags. The court granted the defendant's motion.

On appeal, the plaintiff argues that the defendant's use of a glass IV bottle was the proximate cause of her injuries. We disagree.

A proximate cause is one which produces the injury through a natural and continuous sequence of events unbroken by any effective intervening cause. (*Chapman v. Baltimore & Ohio R.R. Co.* (1950), 340 Ill. App. 475, 92 N.E.2d 466.) If the negligence charged does nothing more than furnish a condition which made the injury possible and that condition causes an injury by the subsequent independent act of a third party, the creation of that condition is not the proximate cause of the injury. (*Merlo v. Public Service Co.* (1942), 381 Ill. 300, 45 N.E.2d 665.) The subsequent independent act becomes the effective intervening cause which breaks the causal connection, and itself becomes the proximate cause. 381 Ill. 300, 45 N.E.2d 665.

The trial court found that the defendant only furnished the condition of the accident by its use of the glass IV bottle. The court further found the proximate cause of the plaintiff's injuries to be the intervening act of the independently employed nurse who knocked over the IV pole and bottle. As neither side disputed the facts, the issue of proximate cause, usually a question of fact for the jury, became a question of law for the court to decide. (*Merlo v. Public Service Co.* (1942), 381 Ill. 300, 45 N.E.2d 665.) The court determined that because the negligent act of the nurse was the proximate cause of the plaintiff's injuries, as a matter of law the defendant was not liable. The court therefore granted the defendant's motion for summary judgment.

Summary judgment will be granted if the pleadings, admissions, depositions and affidavits on file show there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) Summary judg-

ment will not be reversed absent an abuse of discretion by the trial court such that the plaintiff's right to fundamental justice is violated. *Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 475 N.E.2d 549.

We find the trial court did not abuse its discretion. Following *Merlo,* it is clear that as a matter of law, the defendant's conduct was not the proximate cause of the plaintiff's injuries. Summary judgment, therefore, was properly granted.

For the above reasons, the judgment of the circuit court of Knox County is affirmed.

Affirmed.

STOUDER and HEIPLE, JJ., concur.