ROBBIE ALAN NOVANDER, Plaintiff-Appellant and Cross-Appellee, v. THE CITY OF MORRIS *et al.*, Defendants-Appellees (Morris Hospital *et al.*, Defendants; The City of Morris, Defendant-Counterplaintiff; Timm Pearson *et al.*, Defendants-Appellees).

Third District   No. 3—88—0463

Opinion filed April 25, 1989.

Peacock, McFarland & Gordon, of Morris (Wayne W. McFarland, Jr., of counsel), for appellant.

John A. Vasko, of Tressler, Soderstrom, Maloney & Priess, of Wheaton (Francis A. Spina, of counsel), for appellee City of Morris.

Michael T. Reagan, of Ottawa, for appellee Continental Grain Company.

Bradley W. Hayes and Susan K. Wallitsch, both of Dunn, Hayes & Condon, of Morris, for appellees Timm Pearson and Charles Pearson.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, Robbie Novander, brought suit for personal injuries sustained by him as a result of a motorcycle accident that occurred on June 26, 1984. The circuit court of Grundy County dismissed counts I and II of the plaintiff's fourth amended complaint, which were brought against the City of Morris (the City) and Continental Grain Company (Continental), on the grounds that proximate cause was not established. The plaintiff appeals the dismissal of counts I and II. Additionally, the City cross-appeals the dismissal of its contribution counterclaim. We affirm.

Robbie Novander was driving his motorcycle westbound on Griggs

Drive in the City of Morris while the defendant, Timm Pearson, was driving his father's grain truck eastbound on Griggs Drive. Pearson was delivering a load of grain to the Continental Grain facility located on Griggs Drive near the accident site. Pearson drove his truck into Novander's westbound lane, apparently to avoid large potholes in the roadway and driveway entrance to Continental Grain. Allegedly, the vision of both drivers was obscured by foliage along the northerly edge of Griggs Drive. A collision occurred and the plaintiff's leg was seriously injured.

Initially, the plaintiff filed an action against Timm Pearson, Pearson's father, and the City, but eventually added claims against Continental, Morris Hospital, and Dr. Douglas Adelmann. The Pearsons and Novander reached a settlement on Novander's negligence claims in the amount of $406,000. Based on the trial court's determination that the settlement agreement was reached in good faith, the City's counterclaim for contribution against the Pearsons was dismissed. The claims against Morris Hospital and Dr. Douglas Adelmann are not involved in this appeal.

On appeal the plaintiff argues that it was reasonably foreseeable that Timm Pearson, to avoid potholes, would alter his pattern of travel as a result of the negligent acts or omissions of the City and Continental. While we agree that it is foreseeable that a driver might choose to avoid potholes by altering the path of his vehicle, we do not find that the potholes or other conditions on the roadway were the proximate cause of the collision.

■■■ What constitutes the proximate cause of an injury in a particular case is ordinarily a question of fact to be presented to the jury, and it can only be a question of law where there can be no reasonable differences in the inferences to be drawn by reasonable men from the undisputed facts. (*Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76.) Proximate cause is one which produces the injury through a natural and continuous sequence of events unbroken by any effective intervening cause. (*Kemp v. Sisters of the Third Order of St. Francis* (1986), 143 Ill. App. 3d 360.) As was discussed by the Illinois Supreme Court, a "cause vs. condition" analysis has evolved in examining whether proximate cause exists in certain situations:

> "[I]f the negligence charged does nothing more than furnish a condition by which the injury is made possible and that condition causes an injury by the subsequent, independent act of a third person, the creation of the condition is not the proximate cause of the injury where the subsequent act is an intervening efficient cause which breaks the causal connection between the

original wrong and the injury, and itself becomes the proximate or immediate cause." *Merlo v. Public Service Co.* (1942), 381 Ill. 300, 316.

In *Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, the appellate court was called upon to apply the "condition vs. cause" doctrine. In that case, a negligence claim was brought for injuries sustained in an automobile accident allegedly caused by malfunctioning left-turn traffic arrow signals. The driver apparently believed she had time to safely make the turn before an oncoming vehicle entered the intersection. The court stated:

> "[The driver's] decision to turn was based strictly on her own assumption that it was safe to do so when, in fact, she admitted she had no way of knowing whether oncoming traffic actually had a red light and in spite of the fact she knew a full green light meant she had to yield the right-of-way. No condition of the traffic signals directed or permitted her to make that left-hand turn.

> \* \* \*

> \*\*\* We do not believe the defendants reasonably could have anticipated that [driver] would disregard the acknowledged, statutorily prescribed response to the display of full, circular green traffic lights in favor of the utterly ambiguous meaning of the presence of a single stopped car on the opposite side of the intersection in deciding to turn left in front of another oncoming car." (*Lindenmier*, 156 Ill. App. 3d at 90, 91-92.)

Consequently, the court, adhering to the "condition vs. cause" analysis, affirmed summary judgment for the defendant city.

■ Similarly, in the instant case, it is undisputed that the grain truck was being operated substantially in the wrong lane of traffic at the time of the accident. Like the defendant in *Lindenmier*, Timm Pearson chose to disregard the Illinois Vehicle Code when the collision occurred. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—701.) Further, Pearson testified that he had driven to the Continental Grain facility approximately 100 times and that he had driven over the potholes on Griggs Drive without knowingly sustaining any damage to the truck. Thus, Pearson was not forced to drive in the wrong lane, but chose to drive in the wrong lane. While it is commonplace that drivers often dodge potholes, neither the City nor Continental could reasonably anticipate that Pearson would take such evasive actions in the face of oncoming traffic. Timm Pearson's acts constitute the type of subsequent, independent act which becomes an effective intervening cause, breaking any causal connection between the City's and Continental's

alleged negligence and the accident. The surface of the roadway and the foliage surrounding the roadway, at most, furnished a condition by which Novander's injuries were made possible. The condition of the roadway was not the legal or proximate cause of the accident. Accordingly, the trial court properly dismissed counts I and II of the fourth amended complaint since proximate cause was not established as a matter of law.

■ Moreover, this court notes that some reasonable limitations must be imposed before the City and Continental can be held legally responsible for the injuries sustained in the present action. As stated by Professor Prosser in his treatise on torts:

" 'Proximate cause'—in itself an unfortunate term—is merely the limitation which the courts have placed upon the actor's responsibility for the consequences of his conduct. In a philosophical sense, the consequences of an act go forward to eternity, and the causes of an event go back to the discovery of America and beyond. 'The fatal trespass done by Eve was cause of all our woe.' But any attempt to impose responsibility upon such a basis would result in infinite liability for all wrongful acts, and would 'set society on edge and fill the courts with endless litigation.' As a practical matter, legal responsibility must be limited to those causes which are so closely connected with the result and of such significance that the law is justified in imposing liability. Some boundary must be set to liability for the consequences of any act, upon the basis of some social idea of justice or policy." (W. Prosser, *Handbook of the Law of Torts*, §41 at 236 (4th ed. 1971).)

Here, the City and Continental cannot be held legally responsible for the remote risk that someone, in response to the condition of the roadway, will drive in the wrong lane of traffic while an oncoming vehicle is in the other lane.

Finally, this court need not address the issues presented by the City's cross-appeal since this court affirms the order dismissing Novander's claims against the City. For the reasons stated, we affirm the decision of the circuit court of Grundy County.

Affirmed.

WOMBACHER, P.J., and STOUDER, J., concur.