JOHN CANNON et al., Plaintiffs-Appellants, v. COMMONWEALTH EDISON COMPANY, Defendant-Appellee.

First District (6th Division)   No. 1—91—3861

Opinion filed July 9, 1993.

380

Alexander, Fennerty & Green and Michael R. Panter & Associates, both of Chicago, for appellants.

Lord, Bissell & Brook (Hugh C. Griffin and Sandra K. Macauley, of counsel) and Hoffman, Burke & Bozick (Gary W. Bozick and David L. King, of counsel), both of Chicago, for appellee.

JUSTICE EGAN delivered the opinion of the court:

The plaintiffs, John Cannon and Viola Cannon, appeal from an order dismissing their complaint for personal injury against the defendant, Commonwealth Edison Company (Edison). The issue is whether the plaintiffs pleaded facts which establish that the defendant's acts were the proximate cause of the plaintiffs' injuries.

According to the five-count complaint, on December 20, 1990, there was an electrical power outage in the residential area where the plaintiffs resided. The plaintiffs' home was without electricity from 2:14 p.m. to 3:05 p.m. It was alleged on information and belief that the cause of the "blackout" was "a lightning arrester which malfunctioned in an unknown manner." Edison owned the lightning arrester and provided the electricity to the plaintiffs' home.

The blackout "caused [John Cannon] to descend to his basement in an attempt to ascertain the cause of loss of electrical power to his dwelling." While Cannon was "descending to his basement," he fell down a flight of steps and was seriously injured. John Cannon is a quadriplegic because of the fall.

The first count of the complaint is labeled "negligence," and alleges that by failing to fulfill its duty to maintain the lightning ar-

rester, Edison directly and proximately caused Cannon's injuries. Count II, titled "breach of statutory duties," alleges that Edison negligently failed to comply with sections 8—101 and 8—401 of the Public Utilities Act. (Ill. Rev. Stat. 1989, ch. 111⅔, pars. 8—101, 8—401.) The third count is titled "res ipsa loquitur" and alleges that when the doctrine of *res ipsa loquitur* is applied, it is clear that Edison's actions proximately caused the plaintiffs' injuries. Count IV is labeled "product liability" and alleges that Edison's provision of "the product of electricity" was defective, unreasonably dangerous, and the proximate cause of the plaintiffs' injuries. Count V alleges that Viola Cannon was and will be damaged by Edison's actions through a loss of consortium.

Edison's motion to dismiss, brought under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), alleged that all five counts of the complaint should be dismissed because there was no factual assertion in any of the counts that would establish a proximate cause between Edison's actions and the plaintiffs' injuries. Edison also contended that counts III and IV should be dismissed on alternative grounds. The judge dismissed all five counts of the complaint with prejudice.

We agree with the defendant that if count I should be dismissed on the ground advanced by the defendant, all the counts should be dismissed on the same ground. Consequently, we will first consider count I. Count I is a general negligence claim. To state a cause of action for negligence, "a complaint must allege facts sufficient to show the existence of a duty, a breach of that duty, and injury to the plaintiff which is proximately caused by that breach." (*Gouge v. Central Illinois Public Service Co.* (1991), 144 Ill. 2d 535, 542, 582 N.E.2d 108.) Although the parties' arguments and the cases cited tend to blur the distinctions between duty and proximate cause, we judge that the focus of the arguments has been on proximate cause.

■ Proximate cause "is one which produces the injury through a natural and continuous sequence of events unbroken by any effective intervening cause." (*Novander v. City of Morris* (1989), 181 Ill. App. 3d 1076, 1078, 537 N.E.2d 1146.) To establish proximate cause, a "plaintiff must demonstrate with reasonable certainty that defendant's negligent acts caused his injuries." (*Johanek v. Ringsby Truck Lines, Inc.* (1987), 157 Ill. App. 3d 140, 152, 509 N.E.2d 1295.) Proximate cause generally is a question of fact, but "where the facts alleged indicate that a party would never be entitled to recover" (*Mohrdieck v. Village of Morton Grove* (1981), 94 Ill. App. 3d 1021, 1023, 419 N.E.2d 517), proximate cause "can *** become a question of

law" (*Johanek*, 157 Ill. App. 3d at 152). See also *Bogovich v. Nalco Chemical Co.* (1991), 213 Ill. App. 3d 439, 572 N.E.2d 1043.

■ Edison relies on several cases that stem from a 1942 Illinois Supreme Court case, *Merlo v. Public Service Co.* (1942), 381 Ill. 300, 45 N.E.2d 665. In *Merlo* the supreme court explained that "if the negligence charged does nothing more than furnish a condition by which the injury is made possible and that condition causes an injury by the subsequent, independent act of a third person, the creation of the condition is not the proximate cause of the injury." (*Merlo*, 381 Ill. at 316.) This expression of the law has been identified as a " 'cause vs. condition' analysis." *Novander*, 181 Ill. App. 3d at 1078.

*Merlo* has been applied in a long line of cases, *e.g.*, *Watson v. Byerly Aviation, Inc.* (1972), 7 Ill. App. 3d 662, 288 N.E.2d 233; *Ferguson v. Southwestern Bell Telephone Co.* (1972), 8 Ill. App. 3d 890, 290 N.E.2d 429; *Kemp v. Sisters of the Third Order of St. Francis* (1986), 143 Ill. App. 3d 360, 493 N.E.2d 372; *Bogovich v. Nalco Chemical Co.* (1991), 213 Ill. App. 3d 439, 572 N.E.2d 1043; and *Munizza v. City of Chicago* (1991), 222 Ill. App. 3d 50, 583 N.E.2d 561.

The plaintiffs contended in their briefs that *Merlo* is outdated because it was decided during the time of contributory negligence in Illinois, that it has been rejected by some appellate districts, and, therefore, should be rejected by this court. For reasons we will explain later, we are not certain whether the plaintiffs have abandoned their criticism of *Merlo*. Consequently, we will consider the argument raised in their briefs.

The plaintiffs relied on *DiBenedetto v. Flora Township* (1991), 219 Ill. App. 3d 1091, 580 N.E.2d 647, and *Michalak v. County of La Salle* (1984), 121 Ill. App. 3d 574, 459 N.E.2d 1131. In *DiBenedetto*, the trial judge dismissed a complaint on the ground that the plaintiff failed to allege an enforceable duty on the part of the defendant and failed to allege that the acts of the defendant were the proximate cause of the plaintiffs' injuries. The appellate court reversed and remanded for a trial. Relying on *Michalak*, the appellate court expressed what we construe to be views questioning the viability of the "cause vs. condition" doctrine after the adoption of the doctrine of comparative negligence in Illinois in *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886:

> "As pointed out (see *Michalak*, 121 Ill. App. 3d at 578) under the common-law doctrine of contributory negligence, the concept of remote cause or condition as part of the proximate cause analysis prevented the injustice that would result if an

actor who created a condition of injury were liable for the full measure of damages even for acts remotely connected with the injury. With the adoption of comparative negligence in Illinois, the harsh effects of denying any recovery to an injured plaintiff were ameliorated when the superseding negligence of the defendant nullified the negligence of the plaintiff. Therefore, the need is diminished for a policy which protects the remotely negligent defendant from liability for the full measure of damages or for a policy that ameliorates the harsh effects of contributory negligence of the plaintiff. Cognizant of the changes wrought by the adoption of the doctrine of comparative negligence, courts have been less willing to label an actor's conduct as a remote cause or condition of injury." (*DiBenedetto*, 219 Ill. App. 3d at 1100.)

Neither *DiBenedetto* nor *Michalak* mentioned *Merlo*, although *Michalak* cited *Briske v. Village of Burnham* (1942), 379 Ill. 193, 39 N.E.2d 976, which was cited in *Merlo*.

The supreme court in *DiBenedetto* reversed the appellate court, holding that the facts alleged in the complaint would not support a finding that the plaintiff's injuries were proximately caused by the actions of the defendant. (*DiBenedetto v. Flora Township* (1992), 153 Ill. 2d 66, 605 N.E.2d 571.) The supreme court did not mention *Merlo* or the doubts expressed by the appellate court over the viability of the "cause vs. condition" doctrine. We note parenthetically that the majority opinion in *DiBenedetto* was written by Justice Heiple, who coined the expression "cause vs. condition" in *Novander v. City of Morris*. Justice Heiple also participated in *Michalak*. To us, this strongly indicates that the supreme court still adheres to the doctrine enunciated in *Merlo*. In addition, we believe there is ample other authority rejecting the plaintiffs' claim that adoption of the comparative negligence doctrine has had some effect on the traditional causation doctrine in negligence cases.

In *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 144, 554 N.E.2d 223, the supreme court said: "In *Dunn* [*v. Baltimore & Ohio R.R. Co.* (1989), 127 Ill. 2d 350, 537 N.E.2d 738], we recognized that the advent of comparative negligence did not affect the basic duty a defendant owes a plaintiff in negligence cases." Similarly, in *Benner v. Bell* (1992), 236 Ill. App. 3d 761, 602 N.E.2d 896, in a thorough and scholarly discussion of the applicable law and conflicting theories, the Appellate Court, Fourth District, held that the doctrine of comparative fault should not change our views of the traditional doctrine of proximate cause:

"It has been suggested that the advent of comparative fault should change our views on conduct which can only remotely be considered to have caused an injury, *i.e.*, that a remote cause can now appropriately be charged with some slight percentage of liability. [Citations.] That suggestion seems inconsistent with the basic concept of negligence, that a person need not foresee consequences which are highly unlikely to occur, and was apparently rejected in *Ward* (136 Ill. 2d at 145, 554 N.E.2d at 229 ('We hold therefore that the adoption of comparative negligence in this State has no effect on the basic duty a defendant owes to a plaintiff'))." *Benner v. Bell*, 236 Ill. App. 3d at 767-68.

After the briefs were filed in the case before us but before oral argument, the supreme court reversed *DiBenedetto*. In oral argument, the plaintiffs' attorney apparently abandoned the argument that we should reject *Merlo*. Instead, he now argues that *Merlo* is applicable only when there are two or more tortfeasors. He does not cite any case so holding; he does not advance any logical reason why application of *Merlo* should be so restricted; and the *DiBenedetto* case itself involved only one tortfeasor. For these reasons, we believe the doctrine is applicable to the facts of this case.

The plaintiffs argue that the determination of proximate cause in this case should be left to a jury and maintain that all of Edison's cases are distinguishable because they were decided after trial. The plaintiffs are mistaken. The issue of "cause vs. condition" may be and has been decided as a matter of law. See, *e.g., West v. Deere & Co.* (1991), 145 Ill. 2d 177, 582 N.E.2d 685 (summary judgment); *Munizza v. City of Chicago* (1991), 222 Ill. App. 3d 50, 583 N.E.2d 561 (section 2—619 motion); *Bogovich v. Nalco Chemical Co.* (1991), 213 Ill. App. 3d 439, 572 N.E.2d 1043 (summary judgment); *Newsome v. Thompson* (1990), 202 Ill. App. 3d 1074, 560 N.E.2d 974 (unidentified motion to dismiss); *Novander v. City of Morris* (1989), 181 Ill. App. 3d 1076, 537 N.E.2d 1146 (unidentified motion to dismiss); *Kemp v. Sisters of the Third Order of St. Francis* (1986), 143 Ill. App. 3d 360, 493 N.E.2d 372 (summary judgment).

The elements of proximate cause and duty are separate, but it is sometimes difficult to separate the two concepts. (*Dunn v. Baltimore & Ohio R.R. Co.* (1989), 127 Ill. 2d 350, 537 N.E.2d 738.) But the issues are not completely separate, and the same policy considerations apply in determining whether a duty existed and whether proximate cause has been established. Foreseeability is a factor in determining both duty and proximate cause. (*Benner v. Bell* (1992), 236 Ill. App. 3d 761, 602 N.E.2d 896.) Foreseeability is an element because, if an

accident is reasonably foreseeable, a party is charged with responsibility to take reasonable steps to avoid the accident. To say that Edison must foresee every accident that may arise every time electric power is lost is to impose upon it an insuperable burden. No amount of foresight would have permitted Edison to take reasonable steps to prevent what occurred in this case.

■ We conclude that the trial judge properly determined the proximate cause issue as a matter of law and properly held that the plaintiffs had failed to allege facts which would support a finding that the actions of Edison proximately caused the plaintiffs' injuries. Accepting the allegations of the complaint as true, the plaintiffs have established that Edison created a condition, the blackout, that made the plaintiff's fall possible. The complaint shows that after the power went off, John Cannon voluntarily began the descent into his basement. His own act of walking down the stairs, whether or not he used a light or a guard rail, caused his fall and injuries, not the blackout. The blackout was a condition present at the time of the injuries and might have made those injuries more possible but was not, as a matter of law, the proximate cause of the injuries where Cannon's own actions served as a superseding cause. Because we hold that the plaintiffs have failed to plead sufficient facts to establish proximate cause in any of the counts of the complaint, we hold that the judge properly dismissed the entire complaint. In view of our holding, it is unnecessary for us to consider the other reasons the judge dismissed some of the counts of the complaint.

The judgment of the circuit court is affirmed.

Judgment affirmed.

McNAMARA, P.J., and GIANNIS, J., concur.