**Robert SUZIK and Roxanne Suzik, Plaintiffs–Appellants,**

v.

**SEA–LAND CORPORATION, Sea–Land Services, Incorporated, and CSX Corporation, Defendants–Appellees.**

No. 95–2044.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 12, 1996.

Decided July 9, 1996.

Paul W. Grauer, Randall W. Graff (argued), Grauer & Associates, Schaumburg, IL, for Robert Suzik and Roxanne Suzik.

Thomas H. Fegan, Jack T. Riley, Jr., Mindy Kallus (argued), Kevin G. Owens, Gregory D. Conforti, Steven E. Lieb, Johnson & Bell, Chicago, IL, for Sea–Land Corp., Sea–Land Services, Inc. and CSX Corp.

Before CUDAHY, FLAUM, and KANNE, Circuit Judges.

CUDAHY, Circuit Judge.

Robert Suzik injured his back while trying to repair a broken component of the tractor-trailer that he was driving. He believed that the problem with the component caused his injury and alleged that the companies responsible for the truck were liable for damages. The companies contended that Suzik's own attempt at repair was the independent cause of his injury. After hearing all the plaintiff's evidence, the district court decided that no reasonable jury could accept Suzik's interpretation of the case, and it entered a directed verdict for the defendants. We affirm.

I.

In July 1988, Robert Suzik drove a semi-tractor with a refrigerated trailer on an interstate highway in Chicago, Illinois. When the driver of a passing car alerted him that something was dragging on the ground beneath his trailer, Suzik parked his truck in the breakdown lane, placing a warning flag on the trailer and a reflector on the pavement nearby. He looked beneath the truck and saw that one end of the propane tank, which provided the fuel for the trailer's refrigeration system, had dropped from its supporting bracket to the ground. The tank was six feet in length, eighteen inches in diameter, weighed 325 pounds when full and more than 235 pounds when empty.

Suzik's employer, Sea–Land Services, had specifically prescribed how its drivers were to respond to situations like this one. According to these procedures, when a driver discovered a problem with the propane tank on his truck, he was to contact a dispatcher immediately. The dispatcher would then call the owner of the propane tank, who would authorize a repair person to go to the location and use a mechanical device called a turnbuckle to lift the tank into place so that the tank could be temporarily secured. With the tank secured, the driver could proceed directly to a service center.

While Suzik evaluated the situation, a police officer arrived on the scene and asked him if he needed any assistance. Suzik, however, declined, apparently deciding that he could solve the problem without assistance and without following Sea–Land's prescribed rules. He crawled beneath the truck and attempted to lift the tank into place by hand. Given Suzik's history of back trouble, this was a risky maneuver. Five years earlier, he had required back surgery to repair an injury sustained when he fell from the cab of his truck. In January 1988, he reinjured his back and had received a course of treatment that had only ended in March. As it turned out, Suzik's back could not stand the strain of his attempt to lift the heavy tank. According

to his trial testimony, he felt a "pop," and his chest and back "went" as soon as he tried to lift the tank. At this point, Suzik decided to walk to a nearby telephone and contact the dispatcher.

Suzik subsequently filed this personal injury suit against Sea–Land Services, Inc., its former parent, Sea–Land Corporation, and its current parent, CSX Corporation (collectively Sea–Land). He alleged that the defendants were liable for his injury because they were responsible for the defect in the tank and its supporting brackets. He made this allegation according to theories of products liability and negligence. Suzik's wife, Roxanne, filed a loss of consortium claim that depended upon proof of Sea–Land's liability for her husband's injury. The defendants denied liability, arguing that Suzik had acted negligently in attempting to lift the propane tank by himself. In Suzik's view, however, his attempt to repair the tank was a reasonable response to the dangerous condition caused by the defective bracket.

A jury trial followed and, at the conclusion of the plaintiff's case, the defendants moved for a directed verdict. The district court granted the motion, ruling that, as a matter of law, Suzik's own actions were an independent, intervening cause of his injury, thereby relieving the defendants of liability.

## II.

In its diversity jurisdiction, a district court applies the substantive law of the state in which it sits, including the rules governing the choice of law. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). The district court here conformed to Illinois' choice-of-law rules, which come from the Restatement (Second) of Conflicts of Law. These rules require that the court employ the substantive law of the state with the most significant relationship to the tort at issue. See *Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593, 595 (1970). Given the facts of this case, Illinois has the most significant relationship to the torts that Suzik alleged. When we review directed verdicts made ac-

cording to Illinois law, we adopt Illinois' standard of review. *A. Kush & Assoc., Ltd. v. American States Ins. Co.*, 927 F.2d 929, 938 (7th Cir.1991). Under Illinois law, a trial court's directed verdict is subject to de novo review, and verdicts ought to be directed only when all of the evidence, when viewed in a light most favorable to the non-moving party, so overwhelmingly favors the moving party that no contrary verdict based on that evidence could ever stand. *Trzcinski v. American Casualty Co.*, 953 F.2d 307, 313 (7th Cir.1992); *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504, 513–14 (1967).

In considering Sea–Land's motion for a directed verdict, the district court properly focused on the issue of proximate cause. To establish Sea–Land's liability under either of his claims, Suzik had to prove that the condition of the propane tank was the proximate cause of his injury. *West v. Deere & Co.*, 145 Ill.2d 177, 164 Ill.Dec. 122, 124, 582 N.E.2d 685, 687 (1991) (holding that proximate cause is an element of products liability claims); *American Nat'l Bank & Trust Co. v. National Advertising Co.*, 149 Ill.2d 14, 171 Ill.Dec. 461, 466, 594 N.E.2d 313, 318 (1992) (holding that proximate cause is an element of negligence claims). The element of proximate cause depends upon the concept of foreseeability. A defendant's conduct is the proximate cause of a plaintiff's injury if all events following that conduct, including any actions by the plaintiff, are its reasonably foreseeable results. *Bentley v. Saunemin Township*, 83 Ill.2d 10, 46 Ill.Dec. 129, 132, 413 N.E.2d 1242, 1245 (1980). If an act that intervenes between the defendant's conduct and the plaintiff's injury is not reasonably foreseeable, this intervening act is the independent cause of the injury, and it breaks the causal chain that would establish the defendant's liability. *Id.* In this case, Suzik could have established that Sea–Land had proximately caused his injury by proving that his own attempted repair was a reasonably foreseeable response to the broken bracket on the tank. To survive a motion for a directed verdict, Suzik would have had to introduce enough evidence to permit a reasonable jury to infer that Sea–Land could

have foreseen his actions. See *Pedrick*, 229 N.E.2d at 513–14.

When Sea–Land moved for a directed verdict, the district court considered all of the evidence in the record and concluded that no reasonable jury could find that Suzik had proven proximate cause. In the court's view, expressed from the bench, Suzik's attempt to lift the tank by hand was "completely irrational." Given Suzik's history of back trouble, the attempt to lift the tank carried a significant risk of injury, and this risk was unnecessary because Sea–Land had provided a procedure for fixing broken propane tanks that could have easily been pursued since the truck was parked in a safe place and since a police officer was on hand to help. The court therefore concluded that Suzik's "completely irrational" departure from procedure was not within the scope of Sea–Land's reasonable foresight and that no reasonable jury could find that it was.

Suzik contends that the district court erred in this conclusion. He relies on the well-established principle that the determination of proximate cause is the province of the jury, and, as he sees it, Illinois law makes this province extraordinarily broad. He argues that Illinois courts are strongly inclined to allow juries to determine all questions of proximate cause; and he further argues that this inclination is especially strong in cases where the defendant has created a dangerous condition to which the plaintiff makes an unreasonable response. He suggests that Illinois law allows juries to find that almost any response to danger is foreseeable. At one point in his brief, he argues that "[i]f Mr. Suzik had been intoxicated and used a blow torch to re-attach the tank, [Illinois case law] would allow him (or his estate) to argue proximate cause to the jury."

After reading Illinois case law, we conclude that the province of the jury with respect to proximate cause is not as vast as Suzik would make it. He is correct in noting that Illinois courts are reluctant to decide proximate cause as a matter of law; and he correctly notes that this reluctance is heightened when the issue of proximate cause turns on whether the plaintiff's conduct was a foreseeable result of a dangerous condition created by the defendant. See, e.g., *Lee v. Chicago Transit Auth.*, 152 Ill.2d.432, 178 Ill.Dec. 699, 708–09, 605 N.E.2d 493, 502–03 (1992), cert. denied, 508 U.S. 908, 113 S.Ct. 2337, 124 L.Ed.2d 248 (1993); *Jefferson v. City of Chicago*, 269 Ill.App.3d 672, 207 Ill.Dec. 218, 221–22, 646 N.E.2d 1305, 1308–09 (1 Dist. 1995); *Smith v. Armor Plus Co., Inc.*, 248 Ill.App.3d 831, 187 Ill.Dec. 625, 632, 617 N.E.2d 1346, 1353 (2 Dist.1993); *Laflin v. Estate of Mills*, 53 Ill.App.3d 29, 10 Ill.Dec. 927, 932, 368 N.E.2d 522, 527 (1 Dist.1977). As expressed in these cases, this reluctance depends upon the principle that the defendant who creates a dangerous condition can reasonably foresee that the danger could give rise to certain kinds of injury-causing accidents. Whenever the injury-causing accident is of the kind that the defendant could reasonably foresee, proximate cause is a question for the jury. See, e.g., *Lee*, 178 Ill.Dec. at 709, 605 N.E.2d at 503; *Smith*, 187 Ill. Dec. at 632, 617 N.E.2d at 1353. The jury may consider the defendant's liability in these cases, even if the arguably foreseeable accident took place for the most far-fetched reasons.

The *Lee* case illustrates the application of this principle. In *Lee*, the defendant had created a dangerous condition by placing its electrified train tracks near a sidewalk. To insulate pedestrians from the danger, the defendant had placed warning signs and some low barriers between the sidewalk and the tracks. The plaintiff was fatally injured when, in a drunken stupor, he ignored the signs, negotiated the barriers and ventured onto the tracks, touching the electrified third rail. On appeal, the Illinois Supreme Court held that a reasonable jury could have found that this accident was foreseeable. In its view, the object of the defendant's foresight was the kind of accident—a person straying from the sidewalk onto the tracks. The reasons for that accident—the plaintiff's inebriation—did not conclusively dictate that the accident was unforeseeable. *Lee*, 178 Ill.Dec. at 709, 605 N.E.2d at 503.

Nevertheless, Illinois courts have held that defendants are not required to foresee every injury-causing accident that

can possibly arise from the dangers they have created. The law provides that it is reasonable for defendants to foresee some, but not all, accidents arising from their conduct. If the accident that injures the plaintiff is not of the kind that the defendant could have foreseen, a court may decide proximate cause as a matter of law. See *Cannon v. Commonwealth Edison Co.*, 250 Ill.App.3d 379, 190 Ill.Dec. 183, 185, 621 N.E.2d 52, 54 (1 Dist.1993).

According to Illinois law, when a defendant argues that it is entitled to a directed verdict because the plaintiff cannot prove proximate cause, the trial court's analysis must distinguish between the nature of the accident itself and the nature of the reasons for the accident. In making its ruling from the bench, the district court here described Suzik's conduct in general as "completely irrational." At first glance, it is not clear whether this description refers to the accident that Suzik suffered or to the behavior that led to the accident. If the district court were strictly referring to his behavior, Suzik's arguments would be persuasive. But the district court's elaboration of this description makes it clear that the court was referring to the nature of the accident. It determined that Sea–Land could not foresee an accident resulting from a driver's departure from its repair procedures when the driver had the opportunity to follow those procedures without significant risk to himself or others. We agree that this was not the kind of accident that Sea–Land could have reasonably foreseen. We therefore conclude that the directed verdict was proper. The judgment of the district court is

AFFIRMED.