**Timothy LAWRENCE and Pamela Lawrence, Plaintiffs,**

v.

**BRIDGESTONE/FIRESTONE, INC., an Illinois Corporation d/b/a FIRESTONE TIRE AND SERVICE CENTER, Defendant.**

No. 96 C 753.

United States District Court,
N.D. Illinois,
Eastern Division.

April 28, 1997.

Paul L. Salzetta, Thomas Michael Power, Ruth M. Degnan, Powers, Rogers & Smith, Chicago, IL, for Plaintiffs.

Frances Elizabeth Prell, Thomas R. Woodrow, Nicholas J. Bua, Michael John Kanute, Burke, Weaver & Prell, Chicago, IL, for Defendant.

### MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Plaintiffs Timothy and Pamela Lawrence have brought this lawsuit seeking compensation for injuries allegedly sustained as the result of defendant Bridgestone/Firestone's negligence. Defendant moves for summary judgment, arguing that any negligence on its part was not the proximate cause of any injuries sustained by plaintiffs. For the reasons stated below, this motion is denied.

### FACTS

On October 15, 1995, plaintiffs Timothy and Pamela Lawrence purchased four new tires for their pickup truck at a Firestone store. These tires were installed by Firestone personnel at the time of purchase. On October 27, 1995, twelve days and 172 miles later, the right rear tire and wheel disengaged from the truck while Mr. Lawrence was driving. Mr. Lawrence steered the car into a nearby parking lot and brought it safely to a stop. Neither Timothy Lawrence nor any of his passengers were injured.

After the car had stopped one of the passengers, Mike Sellergren, set off on foot to get a car and drive everyone home. In the meantime, Timothy Lawrence tried to put the wheel back on the pickup, rather than calling a tow truck. Several factors apparently contributed to this decision. Mr. Lawrence did not have immediate access to a phone and was not a member of a motor club. Thus it would presumably have been inconvenient and costly to have the pickup towed. Furthermore, having had some automotive experience, Lawrence apparently felt that it would not be hard to reattach the wheel. The weather conditions at the time were not optimal, but not terrible. It was a chilly evening, and it was raining lightly. It was dark outside and the closest street lamp was approximately 45 feet away. As for the wheel itself, although three of the five lug bolts had been sheared off, the remaining two seemed strong enough to hold the wheel for the short journey home.

Lawrence consulted his owner's manual and attempted to follow the directions for replacing a flat tire. The manual stated that the jack should be placed under the axle leading to the tire that needs replacing. Lawrence was unable to do so, however, because the axle was resting on the ground. Thus, he placed the jack under the pickup truck's leaf spring (part of the truck's suspension system). He seems to have jacked up the truck without difficulty, but as he was attempting to place the wheel over the lug bolts the truck fell off the jack. Lawrence sustained injuries to his hand, which was pinned between the tire and the fender. Plaintiffs' expert testified in his deposition that Lawrence's actions were reasonable under the circumstances, although he acknowledged that the leaf spring was a less stable place to position the jack than the truck's axle.

Timothy Lawrence filed suit against Bridgestone/Firestone, Inc., in the Circuit Court of Cook County, alleging negligence in the installation of the tires on his pickup truck. Mr. Lawrence's wife Pamela also filed suit for loss of consortium. Defendant removed the case to federal court on the basis of diversity of citizenship. Defendant now moves for summary judgment, arguing that any negligence on its part was not the proximate cause of plaintiff's injuries.

## DISCUSSION

■ Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Renovitch v. Kaufman*, 905 F.2d 1040, 1044 (7th Cir.1990). We will make all reasonable factual inferences in favor of the non-moving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Although proximate cause is ordinarily a question of fact for the jury, it can be decided as a matter of law when reasonable people could not differ as to the inference to be drawn from the undisputed facts. *Williams v. Chicago Board of Education*, 267 Ill.App.3d 446, 451, 204 Ill.Dec. 863, 642 N.E.2d 764 (1st Dist.1994).

Proximate cause is essentially a question of foreseeability. As the Seventh Circuit has stated, "A defendant's conduct is the proximate cause of a plaintiff's injury if all events following that conduct, including any actions by the plaintiff, are its reasonably foreseeable results." *Suzik v. Sea–Land Corp.*, 89 F.3d 345, 348 (7th Cir.1996) (citing *Bentley v. Saunemin Township*, 83 Ill.2d 10, 46 Ill.Dec. 129, 413 N.E.2d 1242 (1980)). The question then is whether defendant could reasonably have foreseen that when the wheel fell off of Lawrence's pickup truck he would attempt to reattach it. Defendants argue that such a result was not foreseeable. Their negligence merely created a condition that only became dangerous because Lawrence decided to reattach the wheel. *See Novander v. City of Morris*, 181 Ill.App.3d 1076, 1078–1079, 130 Ill.Dec. 817, 537 N.E.2d 1146 (3d Dist.1989) (discussing "cause V. condition") Lawrence's decision to reattach the wheel was an effective intervening cause that broke the chain of causality. *Id.* at 1078, 130 Ill.Dec. 817, 537 N.E.2d 1146 (defining proximate cause as "one which produces the injury through a natural and continuous sequence of events unbroken by any effective intervening cause"). Plaintiffs argue, on the other hand, that Mr. Lawrence's response to the loss of the wheel was perfectly natural and foreseeable. Each side has submitted a number of cases to support its argument. We must examine them closely to determine whether, under Illinois law, there is a sufficient connection between Firestone's negligence and Lawrence's injury to constitute proximate cause.

Defendant relies primarily on three cases in which the court found that an unforeseeable supervening cause broke the chain of causality between the defendant's negligence and the plaintiff's injury. In the first, *Lindenmier v. City of Rockford*, 156 Ill.App.3d 76, 108 Ill.Dec. 624, 508 N.E.2d 1201 (2d Dist.1987), the plaintiff was injured when she tried unsuccessfully to turn left at an intersection in the face of oncoming traffic. She had a full green light at the time, but the left-turn arrow was burned out, so that she could not tell whether oncoming traffic was required to stop. She argued that if the arrow had been working she would have known not to attempt the turn, and so the city's failure to maintain the turn signal was the proximate cause of her accident. The court rejected this argument, finding that her decision to turn "was based strictly on her own assumption that it was safe to do so." *Id.* at 90, 108 Ill.Dec. 624, 508 N.E.2d 1201. Indeed, in choosing to turn she ignored her duty to give oncoming traffic the right of way when attempting to turn left on a full green light. Thus, the city's failure to maintain the turn arrow in working condition was not the proximate cause of the accident.

Defendant's second case is *Novander v. City of Morris*, 181 Ill.App.3d 1076, 130 Ill. Dec. 817, 537 N.E.2d 1146 (3d Dist.1989), in which the plaintiff was injured when his motorcycle was struck by an oncoming truck that had moved into his lane to avoid some potholes on the road and in an adjacent driveway. The plaintiff sued a variety of people, including the city and the individual who owned the driveway, claiming that their negligent maintenance of the road and driveway caused the truck driver to strike the plaintiff. The court noted that the potholes were not so severe as to force the truck driver into the oncoming lane—indeed, that very driver had driven over them many times. Thus, it was not reasonably foreseeable that the potholes would cause the driver to violate his statutory duty not to cross over

into the oncoming lane. The potholes were not the proximate cause of the accident.

In *Suzik v. Sea–Land Corp.*, 89 F.3d 345 (7th Cir.1996), plaintiff was driving a semi-tractor with a refrigerated trailer, when one of the propane tanks that provided fuel to the refrigeration system fell out of its bracket. Plaintiff tried to push the tank back into place, despite his own history of back problems, and despite the fact that under the company's established procedures the driver was supposed to call a repairman rather than attempt a repair himself. The Seventh Circuit found that it was not foreseeable that the driver would depart from the repair procedures when he "had the opportunity to follow those procedures without significant risk to himself and others." *Id.* at 350.[1]

Plaintiffs have introduced three cases of their own to support their argument that Timothy Lawrence's actions were reasonably foreseeable and thus not an effective intervening cause. In the first, *Filipetto v. Village of Wilmette*, 135 Ill.App.3d 781, 90 Ill. Dec. 539, 482 N.E.2d 358 (1st Dist.1985), the plaintiff was forced by a nearby moving car to ride his bicycle into an air compressor that had been left on the side of the road. The trial court found that the placement of the air compressor in the road was merely a condition, not the proximate cause of the accident. The car that forced the plaintiff into the compressor was an effective intervening cause that broke the chain of causality. The appellate court reversed, finding it foreseeable that leaving an air compressor in the

road in violation of a safety statute would cause injury—even if the exact circumstances of the injury were not foreseeable.[2]

Plaintiff's second case is *Wright v. General Motors Corp.*, 479 F.2d 52 (7th Cir.1973). In *Wright*, the plaintiff's truck broke down in the middle of the highway and he was struck by an oncoming car while he attempted an emergency roadside repair. The Seventh Circuit upheld plaintiff's claim against the truck manufacturer, noting that "we are not able to conclude as a matter of law that the defendants' conduct was not a proximate cause of the plaintiff's injuries.... When a vehicle suddenly comes to a halt on a public highway, we do not believe that an attempt to make emergency repairs on the vehicle or the vehicle's being struck by another vehicle are outside the range of reasonable anticipation." *Id.* at 53.

Finally, in *Sokolowski v. All Points Distribution Service, Inc.*, 243 Ill.App.3d 539, 183 Ill.Dec. 822, 612 N.E.2d 79 (1st Dist.1993), the plaintiff was a truck driver who was stopped at a weigh station because his load, nine skids of sheet steel, was improperly distributed. Plaintiff attempted to redistribute the weight using a pry bar that had been provided for this purpose, and injured his back. The court found that it was foreseeable that the plaintiff would be stopped because of the improper load distribution and would try to redistribute the load using the pry bar. Thus, his decision to move the load was not an effective intervening cause; rather, the improper placement of the load by the

---

1. Defendant has also cited *Cannon v. Commonwealth Edison Co.*, 250 Ill.App.3d 379, 190 Ill. Dec. 183, 621 N.E.2d 52 (1st Dist.1993), in which the plaintiff sued the utility company for injuries he sustained after falling down the basement stairs while investigating a power outage in his house. The court found that the power outage merely created a dangerous condition and that plaintiff's decision to go down the basement stairs was an effective intervening cause negating Commonwealth Edison's responsibility. More specifically, the court held that "[t]o say that Edison must foresee every accident that may arise every time electric power is lost is to impose upon it an insuperable burden. No amount of foresight would have permitted Edison to take reasonable steps to prevent what occurred in this case." *Id.* at 385, 190 Ill.Dec. 183, 621 N.E.2d 52. In other words, the court decided that as a matter of policy the utility company cannot be

held responsible for every injury that occurs as a result of power outages, regardless of whether plaintiff's response to the outage was a reasonably likely one. Such policy considerations are inapplicable to this case.

2. The court also implied in dicta that because Illinois had adopted a rule of comparative negligence, the test for determining proximate cause could be relaxed to some extent. We do not believe this reflects the current state of Illinois law. *See Cannon v. Commonwealth Edison Co.*, 250 Ill.App.3d 379, 382–384, 190 Ill.Dec. 183, 621 N.E.2d 52 (1st Dist.1993) (discussing the relevant caselaw and deciding that the adoption of comparative negligence had no impact on the issue of proximate cause). We do not rely on this aspect of *Filipetto* in making our decision.

defendant's employees was the proximate cause of his injuries.

What do all of these cases tell us? Despite their seemingly contradictory nature they do share certain common threads that will enable us to come to a decision. In each of the cases provided by the defendant the injury occurred after either the plaintiff or a third party responded to the defendant's negligent act or omission in a manner that violated established safety standards. In *Lindenmier* and *Novander*, the injury occurred because the plaintiff or a third party violated traffic laws. In *Suzik*, the injury occurred because the driver departed from well established repair procedures in attempting to repair the propane tank. Moreover, in none of these cases was the intervening act reasonably necessary under the circumstances. Rather, in each case the intervening actor responded to the condition created by the defendant in an unreasonable and dangerous manner. In plaintiff's cases, on the other hand, everyone involved in the accident acted reasonably (or at least did not clearly act unreasonably) under the circumstances. In *Filipetto*, the placement of the air compressor in the midst of traffic made it difficult for either the bicyclist or the driver of the car to see it in time to avoid a collision. In *Wright* and *Sokolowski*, the plaintiffs were injured while reasonably attempting to rectify a situation caused by defendant's negligence.

 Where does all of this leave Timothy Lawrence? We believe that reasonable people could differ as to whether his response to defendant's alleged negligence was foreseeable. *See Williams v. Chicago Board of Education*, 267 Ill.App.3d at 451, 204 Ill.Dec. 863, 642 N.E.2d 764. When the wheel fell off his pickup truck, the truck was rendered immobile. Mr. Lawrence had to get it home somehow, either by calling a tow truck or reattaching the wheel himself. Wheel reattachment does not differ very much from the commonplace act of replacing a tire, except that the placement of the jack is trickier. To attempt such a repair does not appear to be foolhardy or irresponsible on its face. Nor do we find persuasive defendant's argument that Lawrence's failure to follow the instructions in the owner's manual in itself makes his actions necessarily unreasonable. Lawrence did not place the jack under the axle (as the manual directed) because defendant's alleged negligence made this impossible: the wheel had fallen off and the axle was resting on the ground. The manual did not anticipate such a situation, and so Lawrence improvised in a not clearly unreasonable manner. A reasonable jury could find the defendant's alleged negligence not to be proximate cause of plaintiff's injury. It could also find Mr. Lawrence's attempt to reattach the wheel to be foreseeable and defendant's negligence to be a proximate cause of his injury, whether or not they find plaintiff also to be negligent. And these alternatives defeat summary judgment.

### CONCLUSION

For the foregoing reasons, defendant Bridgestone/Firestone's motion for summary judgment is denied.